### HYNES *et al. v.* FARMERS' LOAN & TRUST CO.

#### (*Supreme Court, General Term, First Department.* March 28, 1890.)

PARTIES—MISJOINDER—HEIRS AND WIDOW.

An action was brought by the widow and infant heirs at law of a testator to recover damages sustained by the wrongful conduct of defendant, special guardian of the infants, on the sale of testator's real estate. *Held,* that there was a misjoinder of parties plaintiff, the rights of the widow and infants being entirely different, and Code Civil Proc. § 446, providing that all persons having an interest in the subject of the action may be joined as plaintiffs, except as therein prescribed, not being intended to embrace actions for damages dependent upon different interests.

Appeal from special term, New York county.

Action by William Rose Hynes and Andrew Hynes, infants, by Mary E. Hynes, guardian *ad litem,* and said Mary E. Hynes, individually, against the Farmers' Loan & Trust Company. Plaintiffs appeal from an order sustaining a demurrer to the complaint.

The special term opinion is as follows: "LAWRENCE, J. The defendant demurs to the complaint on three grounds: (1) That there is a misjoinder of parties plaintiff, in that the plaintiffs allege a cause of action which is not joint in its nature, but which is wholly separate, as between the infant plaintiffs and the plaintiff Mary E. Hynes individually, and therefore said infant plaintiffs should proceed by independent action; that it appears from the complaint that, at the times therein mentioned, the defendant did not in any way represent the interests of the plaintiff Mary E. Haynes individually, or in any way act for her in the litigation described in the complaint, and that therefore whatever cause of action she alleges to exist in her favor must be asserted in an independent action; (2) that two causes of action have been improperly united in said complaint; and (3) that the complaint does not state facts sufficient to constitute a cause of action. After examining the complaint, I am of the opinion that the first ground of the demurrer must be sustained. There is no allegation in the complaint that the defendant was under any duty to the plaintiff Mary E. Hynes, in respect to the property mentioned therein. Her interest in the property was that of dowress, and she could have enforced her rights by an application to the court at any time. There is not a fact stated in the complaint which goes to show that Mrs. Hynes could be or was in any manner restrained by the defendant from asserting her rights, and, even if it should be conceded that the infants have some cause of action, it is equally clear that their mother is in no sense either a necessary or a proper party, in her individual capacity, to this action. I am also of the opinion that the defendant is entitled to succeed upon the ground that two causes of action have been improperly united in the complaint. If the infants have any cause of action against the defendant, it arises from the breach of trust imposed upon it as guardian *ad litem,* and falls therefrom within the causes of action specified in subdivision 8 of section 484 of the Code of Civil Procedure. But the defendant, as already stated, owed no duty as trustee or guardian to Mrs. Hynes. It had no control over her as a widow entitled to dower in the property belonging to the infants, and had no power, even if it had had the inclination to restrain her from obtaining her rights in said property. Her cause of action against the defendant, if any, must fall under subdivision 9 of section 484 of the Code, to-wit: Causes of action to recover ' upon claims arising out of the same transaction.

or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section.' It can in no just sense, in the view which I take of this case, be said that the acts complained of on the part of the defendant, in respect to the infants and the wrong, if any, alleged to have been sustained by Mrs. Hynes, constituted one transaction. In the case of the infants, as we have seen, the defendant is sought to be held liable for a breach of duty or negligence as guardian. In the case of Mrs. Hynes it is sought to be held liable for an independent wrong. The fact that the grievance of each arises in respect to the same property does not make a transaction joint which is in its nature separate and distinct. *Gray* v. *Rothschild*, 112 N. Y. 669, 19 N. E. Rep. 847. Again, under the provisions of section 484 of the Code of Civil Procedure, it must appear upon the face of the complaint that all the causes of action so united belong to one of the subdivisions of that section; that they should be consistent with each other, and, except as otherwise provided by law, that they affect all the parties to the action. It is quite evident that the alleged cause of action in favor of the infants and the alleged cause of action in favor of their mother do not belong to the same class, nor do they affect all the parties to the action, each cause being separate and distinct, the one falling within the eighth, and the other, if it exists at all, falling within one of the subdivisions of section 484. See *Enos* v. *Thomas*, 4 How. Pr. 48; *Higgins* v. *Crichton*, 11 Daly, 114. Nor is there anything on the face of the complaint which shows that the causes of action stated therein fall within the exception contained in section 484 of the Code, which relates mainly to foreclosure actions. See *Nichols* v. *Drew*, 94 N. Y. 26, per FINCH, J. Lastly, if my conclusion is right that there is no allegation in the complaint which shows any breach of trust or duty on the part of the defendant towards Mrs. Hynes, it follows that the demurrer, on the ground that the complaint does not state facts sufficient to constitute the cause of action, must also be sustained, inasmuch as it has long been held that where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer on the ground of insufficiency will be upheld. *Mann* v. *Marsh*, 35 Barb. 68. Furthermore, if by any inference, from the allegations in the complaint, a cause of action can be made out in favor of Mrs. Hynes, it appears on the face thereof that it is entirely separate and distinct from that of the infants, and in such a case a demurrer on the ground of insufficiency will also lie. *Gray* v. *Rothschild*, 112 N. Y. 668, 19 N. E. Rep. 847. There should be judgment, therefore, for the defendant upon the demurrer, with leave to plaintiffs to amend, if so advised, upon payment of costs."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William H. Secor*, for appellants. *Turner, McClure & Rolston*, for respondent.

BRADY, J. The infant plaintiffs, by their guardian, Mary E. Hynes, and that lady individually, brought this action to recover damages sustained by the wrongful conduct of the defendant. The infants are the heirs at law of William R. Hynes, and Mary E. is his widow. It became desirable, if not necessary, to sell a part of the realty, and in proper form, and to the proper tribunal application was made for leave to do so, which was granted. The defendant was in the proceeding appointed a special guardian to take care of the interest of the infants, but it is charged that, by appeals wrongfully taken and delays wrongfully interposed, the defendant, disregarding its duties, and contriving and intending to injure the infants and the widow, so conducted the proceeding that the advantageous market for a sale passed away, and the property, in consequence of these acts, was so prejudiced and sacrificed that when sold it brought less than about 60 per cent of its value, subjecting the plaintiffs to the expense and loss of $100,000, for treble which amount dam-

ages were claimed. The complaint was demurred to for three reasons : (1) Misjoinder of parties plaintiff; (2) causes of action improperly joined; (3) insufficiency of cause of action.

The learned justice at special term sustained the demurrer, expressing his views in an elaborate and conclusive opinion. It may not be necessary, therefore, to add aught to it, but some suggestions may be made. The misjoinder is quite apparent from the fact that the rights of the infants and the widow are entirely different. The heirs are owners of the fee, and equally entitled to the advantages of the sale,—the widow only to so much of them as corresponds with or is proportionate to the value of her dower right. Her interest, therefore, is not in the fee, but its product, and must be judged and estimated by different legal elements, and therefore must be presented for consideration separately. Different causes of action may be joined if they are such as may be enforced by all of the plaintiffs, but separate claims cannot be united by several plaintiffs, although kindred and dependent upon similar facts. *Gray* v. *Rothschild*, 112 N. Y. 668, 19 N. E. Rep. 847. The case of *Nichols* v. *Drew*, 94 N. Y. 22, affords no aid to the plaintiff on this subject. The objection there was to a misjoinder of the causes of action. The Code, it is true, by section 446, provides that "all persons having an interest in the subject of the action, and obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act." But this does not embrace all actions for damages dependent upon different interests, and was not intended to produce such confusion; hence the exception in the section. In an action for partition, for illustration, where many may have an interest in the subject of the action, they may be joined. In an action for damages only, there is no subject of the action *eo nomine*, as contradistinguished from the cause of action. The interest is not in any subject, but in the result. It is not to enforce any claim to specific property, real or personal, or to set aside a will, or any written instrument, or in relation to a nuisance or to recover the possession of any tan;..ole thing, or to secure its appropriation, but merely for such compensation as may be awarded for injuries received,—for something not *in esse*, but to be created by the verdict, if one be rendered in favor of the plaintiff. See *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Reed* v. *Stryker*, 12 Abb. Pr. 47; *Peck* v. *Elder*, 3 Sandf. 126. The subjects thus indicated for the union of several plaintiffs may be said to be exceptions to the general rule. As a general principle, several plaintiffs, having distinct and independent claims against a defendant, cannot join in a suit for the separate relief of each. *Murray* v. *Hay*, 1 Barb. Ch. 59; *Wood* v. *Perry*, 1 Barb. 114. It is unnecessary, however, to pursue this subject further. The judgment appealed from, for these reasons and those given by Justice LAWRENCE, should be affirmed, with costs. All concur.