## JEROME v. RUST.

1. Justice Code, § 10, provides that an action in a justice's court is commenced by summons or by voluntary appearance and pleading of the parties. A summons in an action in a justice court recited that defendant was summoned to answer plaintiff, who claimed to recover possession of oats of the value of $75 detained after demand; and there was a notice that, on default, plaintiff would take judgment for possession of the property or the value thereof. The oral complaint of plaintiff was for oats of the value of $75 loaned defendant, which he had promised to pay. Judgment was demanded for the oats, or $75, and defendant set up a general denial and payment. Held that, on appeal and trial de novo in the county court, the latter was justified in trying the case on the theory that plaintiff's claim was for the value of the oats.

2. Where a judgment of a justice for the return of certain property, or its value, was irregular, in that the complaint was insufficient as one for the recovery of property, no advantage having been taken of the irregularity by motion to vacate or set it aside in the justice court, no advantage could be taken of the same on a trial de novo on appeal in the county court.

(Opinion filed April 5, 1905.)

Appeal from county court, Minnehaha county; Hon. DANA R. BAILEY, Judge.

Action by Franklin Jerome against H. W. Rust. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

*Muller & Conway,* for respondent.

CORSON, P. J. This is an appeal by the defendant from a judgment of the county court of Minnehaha county rendered in favor of the plaintiff. The action was commenced in a justice's court, and, the judgment being in favor of the

plaintiff in that court, the defendant appealed the case to the county court, where it was tried de novo.

It is contended by the appellant that the action in the justice court was one, as appears by the summons, to recover the possession of certain personal property, namely, 175 bushels of oats, and that the judgment in the justice's court was, in effect, that the plaintiff recover the said 175 bushels of oats, or, in case delivery could not be had, the sum of $75, the value thereof, but that the case, without any amendment of the pleadings, was tried in the county court, over the defendant's objections, as an action for the recovery of the value of 175 bushels of oats loaned by the plaintiff to the defendant, and which he had refused to return upon demand.

It is insisted by the respondent in support of the judgment of the county court that the action, as shown by the oral complaint made in the justice's court, was not one for the recovery of specific personal property, but for the value of the same, and hence the evidence of the value of said property was properly admitted, and the verdict and judgment of the county court were properly rendered. The summons in the action in the justice court was as follows: "You are hereby summoned," etc., "to answer the complaint of the above-named plaintiff, Franklin Jerome, who claims to recover of you the possession of 175 bushels of oats, of the value of $75, now the property of plaintiff, and being detained by you in Minnehaha county, S. D., after demand made, and which you promised to deliver. And you are hereby notified that, if you fail to appear and answer as above required, said plaintiff will take judgment against you for the possession of said property, or the value thereof, if a delivery cannot be made, and for costs

of action." The oral complaint in the justice's court was as follows: "Plaintiff, by his attorney, complained orally for the value of 175 bushels of oats, of the value of $75, loaned defendant by plaintiff, and which he (defendant) promised to pay on or before October 1, 1901, no part having been paid. Plaintiff asks and demands judgment for 175 bushels of oats, or the sum of $75, together with the costs of this action." To this complaint the defendant pleaded by a general denial and payment of amount due. The judgment in the justice's court was as follows: "And judgment is hereby given in favor of plaintiff and against the defendant, H. W. Rust, in the sum of 175 bushels of oats, or, if the oats cannot be delivered, the sum of $75, together with the costs of this action, taxed at $16.60, making together the sum of $91.60."

On the trial in the county court the defendant objected to any evidence being given as to the value of the property for the reasons (1) that neither the summons nor the complaint states facts sufficient to constitute a cause of action; (2) that there is a variance between the summons and complaint; (3) that the summons, being one in replevin, and one in which the defendant is required to answer for the return of specific property, does not sufficiently describe or identify the property sought to be recovered; (4) this being an action commenced and tried in justice court for replevin, the plaintiff cannot now maintain the same as upon a money demand. At the close of the evidence the defendant moved the court to direct a verdict in favor of the defendant on the ground, in substance, that the cause of action as set out in the summons and complaint had not been proven, and that no motion to amend the pleadings had been made to or granted by the court. It would seem,

therefore, that the cause of action set out in the summons was apparently to recover the possession of 175 bushels of oats; but the complaint is in the form of a complaint to recover the value of the oats, and was so treated by the defendant in his answer.

It will thus be seen that the whole proceedings in the justice's court were informal and irregular, including the justice's judgment. We are inclined to take the view, however, that as the defendant appeared generally in the action, and interposed an answer to the complaint, denying his indebtedness and pleading payment, he could not avail himself of any variances between the summons and complaint in the county court, as the summons had effected its object by bringing the party into court. Section 10 of the Justice Code provides: "An action in a justice's court is commenced by issuing the summons, or by voluntary appearance and pleading of the parties." The defendant, therefore, appearing and pleading in the action, the court had jurisdiction to proceed and try the same, and a property judgment would have been binding upon the parties. The complaint, while somewhat informal, states facts practically sufficient to constitute a cause of action, as the claim made by the plaintiff seems to have been fully understood by the defendant, as evidenced by his answer thereto; and the complaint, as evidently construed by the county court, was to recover the value of the oats, and not to recover possession of the same. It will be noticed by the complaint that the plaintiff claimed the value of 175 bushels of oats loaned defendant by plaintiff, and which the defendant promised to pay on or before the date mentioned, no part having been paid. It is true, the complaint further demanded judgment for 175 bushels of oats, or the

sum of $75, together with costs, but this latter allegation was very properly treated as surplusage by the county court, and the complaint taken as one for the recovery of the value of the oats. We are of the opinion that the county court was justified in taking this view of the complaint, as it was clearly insufficient as a complaint, for the recovery of the property, for want of a more full description of the same in the complaint. Taking this view of the complaint, the judgment of the justice was clearly irregular; but, as no motion was made to vacate or set the same aside in the justice court, no advantage could be taken of this irregular judgment on a trial de novo in the county court. But after the appeal was taken to the county court, where trial was had de nove, we are of the opinion that that court was justified in disregarding the irregularities and informalities in the proceedings in the justice court, and in proceeding to try the case, as it did, upon the theory that the plaintiff's claim was for the value of the oats.

The evident theory of the Legislature in prescribing the proceedings in justice court was that in many instances the parties in person would conduct their own cases without the aid or assistance of counsel, and hence it devised a very simple system of procedure in that court; providing, as it has, for the making of an oral complaint by the plaintiff, the substance of which is only required to be taken down by the justice, and an oral answer by the defendant, the substance of which, in like manner, may be taken down by the justice. We cannot, therefore, apply to the pleadings in that court the strict rules applicable to pleadings in courts of record. This was the view taken by this court in the early case of Kelsey v. C. & N. W.

Ry. Co., 1 S. D. 80, 45 N. W. 204, in which this court, speaking by Mr. Justice BENNETT, said: "It must also be borne in mind that the action was commenced in a justice's court, where it is the intent of the law that the practice is to be simplified, to the end that any citizen, with or without any legal attainments or experience, may be enabled to bring his suit and state his case without formalities, in an intelligent manner, capable of being understood without any technicalities surrounding the pleadings or trial of the cause. Pleadings in justice's court are not required to be in every particular formal, but must be such as to enable a person of common understanding to know what is intended. * * * The law requires the case to be tried upon its merits, regardless of any and all irregularities or errors that may appear in the pleadings." And this court quotes with approval in that case the following from Clow v. Murphy, 52 Iowa 695, 3 N. W. 723: "It will be remembered that, upon appeals from justices of the peace, cases are tried de novo upon their merits, and all errors, irregularities, and illegalities are to be disregarded. * * * The intent of the statute is to secure justice by a trial of the appeal upon the very merits of the case, without regard to errors or irregularities. If the circuit court may have jurisdiction of the parties and subject-matter of the action, errors and insufficiency of pleading cannot stand in the way. The pleadings may be amended or the errors disregarded in order to attain the purpose of the statute." Following the view of the proceedings in justice court as laid down in these opinions, and the carrying into effect of the evident intention of the Legislature, we are inclined to the view that the county court ruled correctly in overruling defendant's objections to the introduction of evidence,

and in denying his motion to direct a verdict in his favor. Though under the liberal rule applicable to the proceedings in justice court, we are of the opinion that the judgment of the county court should be affirmed, we cannot commend the informal pleadings. proceedings, and judgment of the justice court shown by this record.

The judgment of the county court and order denying a new trial are affirmed.