## JEROME et al. v. RUST et al.

J. recovered a judgment, and, pending appeal, assigned the same. As security on the appeal, the judgment defendant gave a cost bond and supersedeas bond, in a single instrument, and, on affirmance, J. recovered a judgment for costs on appeal. **Held,** that after the assignment, J. had no interest in the original judgment, nor had the assignees any interest in J.'s subsequent judgment for costs, and hence a joint action could not be maintained by J. and his assignees to recover the amount of both judgments.

Haney, J., dissenting.

(Opinion filed, Feb. 13, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Franklin Jerome and others against H. W. Rust and others. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

*Joe Kirby,* for appellants. *Muller & Conway,* for respondents.

CORSON, J. This is an appeal from an order overruling the demurrer to the complaint. It is alleged in substance in the complaint that in March, 1904, the plaintiff Jerome recovered a judgment in the county court of Minnehaha county for $129.60; subsequently an appeal was taken by the defendant to the Supreme Court. Pending this appeal Jerome assigned his county court judgment to the plaintiffs Muller & Conway. As security on the

appeal from the county court to the Supreme Court the defendant gave what is known as a "cost bond," and also a supersedeas bond, containing the usual provisions; the two bonds being executed in one instrument. The judgment of the county court being affirmed (103 N. W. 26), this action was brought in the circuit court to recover the amount of the judgment in the county court, and judgment for costs in the Supreme Court. To this complaint a demurrer was interposed on the following grounds, among others: "That several causes of action have been improperly united"—which was overruled, and from the order overruling the demurrer this appeal is taken.

It is contended by the appellants that this demurrer should have been sustained, for the reason that Muller & Conway were the exclusive owners of the county court judgment, and that Jerome had no interest therein, and that Jerome was the exclusive owner of the Supreme Court judgment for costs, and that Muller & Conway had no interest therein, and hence the three parties could not properly be joined as plaintiffs. It is contended on the part of the respondent that the judgment entered in the Supreme Court was not in effect a separate judgment, but was only an incident to the judgment rendered in the county court, and, as there would be a small balance due the plaintiff Jerome on account of the two judgments, he was properly joined with Muller & Conway as a plaintiff in the action; that it is competent for an assignee and assignor to join in one action to recover the amount assigned, and, inasmuch as the contract to indemnify the plaintiff was contained in one instrument, it was proper for all to join in this action. We are inclined to take the view that the appellant is right in his contention, and that the demurrer should have been sustained. While it appears the two contracts—the one for the payment of costs and damages, and the other for the payment of the judgment—are included in the one instrument, they are nevertheless separate contracts. The plaintiff Jerome had no interest in the county court judgment, as that had been assigned to Muller & Conway, and they were therefore the exclusive owners of the same. It is equally clear that Muller & Conway had no interest in the judgment for costs recovered in the Supreme Court, as that judgment had never

been assigned to them. It is true that in a certain sense the judgment for costs in this court was an incident, and, by section 327, Rev. Code Civ. Proc., is entered in the court below, but it is nevertheless so far separate and distinct from the original judgment that an assignment of that judgment prior to the entry of a judgment for the costs in this court would not necessarily carry with it such judgment for costs. The indemnity bond, therefore, inured to the benefit of Muller & Conway to the extent of their judgment, and inured to the benefit of the plaintiff Jerome to the extent of any judgment for costs that he might recover in this court. There was therefore no joint interest of the parties in the two judgments. They were not entitled to maintain a joint action in the names of all to recover upon the undertaking.

The recent case of Nagel et al v. Lutz et al, 58 N. Y. Supp. 816, is a case directly in point. In that case an action was brought on the following contract by both the parties therein named as payees jointly: "Buffalo, N. Y., May 19, 1898. On demand after 30 days, we promise to pay to the order of John F. Nagel, seven hundred fifty ($750.00) dollars, also to Charles H. Callahan the sum of seven hundred fifty ($750.00) dollars with use." Upon a demurrer, the Appellate Division of the Supreme Court for the Fourth Department, in a very well-reasoned decision, held that the action could not be maintained, for the reason that the payee in the second note had no interest in the first, and the payee in the first note had no interest in the second, as the contract was to pay each severally the sum of $750 therein specified. The court, after an exhaustive review of the decision upon this subject, uses the following language: "Section 449 of the Code of Civil Procedure provides that 'every action must be prosecuted in the name of the real party in interest.' Nagel had no interest in Callahan's cause of action, nor has Callahan any interest in Nagel's cause of action, set out in the complaint. The stipulation in the instrument set out in the complaint is to the effect that the maker of the note shall pay a certain sum to each promisee therein mentioned, and it creates a several right in each promisee. Therefore, a separate action may be maintained in the name of each plaintiff."

See, also, the following cases cited by that learned court in its opinion: Murray v. Hay, 1 Barb. Ch. 59; Mann v. Marsh, 35 Barb. 68; Hynes v. Trust Co., 9 N. Y. Supp. 260; Hufnagel v. Village of Mt. Vernon, 49 Hun. 287, 1 N. Y. Supp. 787; Gray v. Rothschild, 48 Hun. 596; Nichols v. Drew, 94 N. Y. 22; Bort v. Yaw, 46 Iowa, 324; Tate v. Railroad Co., 10 Ind. 174; Goodnight v. Goar, 30 Ind. 418.

We are clearly of the opinion that the circuit court should have sustained the demurrer, and the order of that court overruling the demurrer is reversed.

HANEY, J., dissenting.