OLE HANSON v. CARL GRONLIE.

Opinion filed February 21, 1908.

Rehearing denied March 21, 1908.

**Justice of the Peace — Pleading.**

1. A complaint in justice's court, which is sufficient to apprise a person of common understanding of the exact nature and extent of plaintiff's demand, is all the law required.

**Same — Demurrer.**

2. The rulings of the lower court in overruling defendant's demurrer to the complaint, and in denying his motion for an order requiring the complaint to be made more specific, are sustained.

**Same — Dismissal of Appeal — Trial Upon Merits.**

3. Defendant appealed from the justice to the district court upon questions of law alone under section 8501, Rev. Codes 1905, where he was defeated upon every point urged. *Held,* that it was not error to thereafter refuse to grant him a trial upon the facts in the district court. A trial upon the merits is permissible in the district court only where the decision upon such appeal reopens the case for the trial of an issue of fact.

**Same — Adjournment — Jurisdiction — Docket Entry.**

4. The justice took an adjournment of the case from Saturday evening, December 1st, to Monday, December 3d, at 1 o'clock p. m., the docket entry being as follows: "Case adjourned till Monday, 1 o'clock p. m." Defendant's contention that the justice thereby lost jurisdiction because such docket entry was not sufficiently definite as to the adjourned date was properly overruled.

Appeal from District Court, Sargent county; *Allen, J.*

Action by Ole Hanson against Carl Gronlie. Judgment for plaintiff, and defendant appeals.

Affirmed.

*O. S. Sem,* for appellant.

The overruling of a demurrer reopens the case for trial on the merits. Grovernor v. Signor, 88 N. W. 278.

A justice's jurisdiction must always affirmatively appear. Spears v. Carter, 48 Am. Dec. 687; Root v. McGerrin, 75 Am. Dec. 49.

Time and place of meeting must be stated in the order continuing. Sluga v. Walker, 81 N. W. 282.

*H. B. Thompson* and *Rourke, Kvello & Adams,* for respondent.

A pleading sufficient in justice court is sufficient in district court. Kelsey v. Chicago & N. W. Ry. Co., 45 N. W. 204.

Going on with trial waives right to object to jurisdiction. Lyons v. Miller, 2 N. D. 1, 48 N. W. 514; Miner v. Grances, 3 N. D. 549, 58 N. W. 343; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605.

Statutes affecting appeals from justice courts are strictly construed. Tschetter v. Heiser, 68 N. W. 744.

FISK, J. Plaintiff recovered judgment in justice's court for the sum of $8 and costs. On appeal to the district court this judgment was affirmed, and the case is here on appeal from the judgment of that court.

Appellant assigns error as follows: (1) In overruling defendant's demurrer to the complaint; (2) in overruling defendant's motion to make the complaint more definite and certain; (3) in affirming the judgment of the justice court, and ordering it entered as the judgment of the district court; and (4) in overruling appellant's motion to dismiss the action on the ground that the justice lost jurisdiction by adjourning the case from December 1st to December 3d, without stating on the docket the time when, and the place where, the court would again convene.

A proper understanding of the rulings upon which are predicated the first two assignments of error necessitates an examination of the complaint and demurrer. The complaint is as follows: "For a cause of action against the defendant the plaintiff alleges and shows to the court that on or about the 5th day of August, 1906, the defendant sold to the plaintiff a number of cattle, to wit, 4 heifers and 18 steers, for the agreed price of $22 per head; that when the plaintiff bought the said cattle from the defendant

they were in a large pasture mingled with other cattle; that plaintiff and defendant went out to the said pasture to look at the said cattle; that when plaintiff and defendant came to the said pasture a portion of the said cattle were near by and the rest of them were far away with other cattle; that plaintiff examined the cattle near by and found they were in good condition, and worth the amount of $22 per head; that by said contract of sale the defendant warranted and represented to this plaintiff that said cattle that were far away in said pasture were in as good a condition as those that plaintiff saw and examined; that they were sound and free from defects and disease; that the defendant warranted and represented to plaintiff that said cattle would be brought to Milnor, sound, healthy and free from defects and disease, and in as good condition as those plaintiff saw and examined; that shortly after said sale the defendant went out to said pasture and brought said cattle to the town of Milnor, the place of delivery; that when the said cattle were taken out of the pasture one of the heifers above mentioned was lame, her leg swollen; that when the said cattle were brought into Milnor the plaintiff was informed of the condition of the said heifer, and he immediately went to examine her in the yard at Milnor, and found her lame, her leg swollen and infected with a disease which the plaintiff believes is a disease commonly called 'hoof rodth'; that by reason of the diseased lameness and condition plaintiff could not ship the same, the said heifer, but that the said heifer was wholly unfit for shipment; that by the warranty and representation of the defendant this plaintiff was induced to purchase the said cattle of the defendant and to pay him therefor the price of $22 per head; that, relying on the warranty and representation of the defendant, this plaintiff did not go to look and examine the cattle that were further away, but bought the same wholly on the strength and representation of the defendant that they were in as good condition as those plaintiff saw and examined; that they were sound and free from disease, and, relying on said warranty and representation, he bought the same, and paid him therefor the price of $22 per head; that by reason of said warranty and representation of the defendant, plaintiff was misled and injured thereby, and that the said heifer above mentioned is of no greater value than $12; that plaintiff has sustained damages by reason of the premises to the amount of $10. Wherefore plaintiff demands judgment against the

—13—

defendant for the sum of $10, and for the costs 'and disbursements of this action." Following is the demurrer which was interposed: "The defendant demurs to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action against the defendant, in that the same alleges improper measures of damages, the alleged damages being remote and speculative, and that the same is redundant and sham; that several causes of action have been improperly united, and are so blended together that the nature of the cause of action cannot be ascertained; and that it is so vague and uncertain and indefinite that the court cannot make an intelligent judgment thereon, and that the same is bad for duplicity." We think the demurrer was properly overruled, as was also the motion to make the complaint more specific. We do not see how the complaint could be made much more specific. It was certainly amply sufficient to apprise a person of common understanding of the exact nature and extent of the plaintiff's claim. This was all that the law required. Kelsey v. Railway Co., 1 S. D. 80, 45 N. W. 204; 12 Enc. of Pl. & Pr. pp. 707-710, and numerous cases cited. Even if the complaint failed to state facts sufficient to constitute a cause of action, the demurrer was properly overruled, as it does not challenge the sufficiency of the complaint on such ground, and it requires no argument to prove that it is not vulnerable to the attacks made upon it by such demurrer. The demurrer was clearly frivolous.

The next assignment of error is as devoid of merit as the last one. The appeal from the justice to the district court was taken upon questions of law alone pursuant to section 8501, Rev. Codes 1905, and the procedure adopted by the trial court upon affirming the justice was strictly in accordance with said statute. After being defeated on every point raised by the appeal, the defendant was not thereafter entitled to another trial on the facts in that court. If he desired a new trial on the facts in the district court, he should have appealed under the provisions of the other sections relating to appeals generally. The case of Grovenor v. Signor, 10 N. D. 503, 88 N. W. 278, in no way aids appellant. In that case the decision of the district court reversed the justice, and thereby necessarily reopened the case for trial on the facts as prescribed in section 8501, supra. Not so, however, in the case at bar. There is no warrant in the code or in any adjudicated case, so far as we can learn, for the practice contended for by appellant's counsel.

Appellant's fourth and last assignment is deserving of but brief notice. The record discloses that the justice took an adjournment from Saturday evening, December 1st, until Monday, December 3d, at 1 o'clock p. m. This is shown by the following docket entries: "Case adjourned till Monday 1 o'clock p. m." It is seriously contended that the justice lost jurisdiction of the case by not inserting in his docket the date, month and year to which the adjournment was taken, and this contention is made in the face of the fact that defendant, after being defeated in his motion to dismiss the action upon such ground, made a general appearance, and contested the case upon the merits to final judgment therein, and thereafter appealed to the district court, invoking the jurisdiction of that court, not only to pass upon such jurisdictional question, but also upon questions pertaining to the merits of the litigation. The case of Miner v. Francis, 3 N. D. 549, 58 N. W. 343, cited by appellant's counsel, does not go to the extent of holding that under such facts defendant would not be deemed to have waived such jurisdictional point. We are entirely clear that the lower courts properly denied appellant's motion, and that this assignment of error is as frivolous and devoid of merit as those which have preceded it.

The judgment is accordingly affirmed, and respondent will recover his costs. All concur.