# THE CHAMBERLAIN-WALLACE CO. v. JOSEPH AKERS.

(144 N. W. 715.)

**Justice court — pleading — summons — statement of cause — demurrer.**

1. A pleading in a justice court need not be in any particular form so long as it enables a person of ordinary understanding to know what is intended. Pleadings may be either oral or written. Section 8378, Rev. Codes 1905. In the case at bar the complaint was oral, but a summons contained a complete statement of the facts relied upon. The justice's docket made mention of the fact that the said pleading was oral and referred to the summons and its contents. *Held*, that a demurrer to the complaint on the grounds that it was not in writing was properly overruled.

**Appeal — new trial — default.**

2. An appeal to the district court was taken upon questions of law and fact and a new trial demanded. The district court overruled the demurrer and ordered the case for trial. Defendant defaulted and judgment was entered against him.

The entry of judgment against the defendant was proper. It is incumbent upon litigants to attend the court and be present when their cases are called for trial.

**Judgment — application to reopen — denial of — discretion.**

3. An application was made to the trial court to reopen such judgment upon a showing by defendant that his attorney had advised him that the case was not at issue and would not be tried at said term of court. *Held*, a mistake of law, and not of fact, and not an abuse of discretion in trial court to refuse to reopen the case.

Opinion filed December 18, 1913.

Appeal from the District Court of Ransom County, *Allen, J.*
Affirmed.

*O. S. Sem,* for appellant.

There was *no complaint* in this case. The complaint in justice court must be sufficient to advise one sued of the nature of the claim, and definite enough to bar another action. McCrary v. Good, 74 Mo. App. 425; Rev. Codes 1905, § 8383.

Consent of parties cannot create jurisdiction in the court over a *subject-matter* not vested in the jurisdiction of the court by the law.

Aneta Mercantile Co. v. Groseth, 20 N. D. 137, 127 N. W. 718; Hilliard v. Loeb, — S. D. —, 140 N. W. 703; Moore v. Jordan, 67 Tex. 394, 3 S. W. 317.

The demurrer is an objection in itself, and raises the legal issue that there is no complaint. Busboom v. Schmidt, 94 Neb. 30, 142 N. W. 290.

*C. G. Bangert,* for respondent.

In justice court no particular form of pleading is required. Rev. Codes 1905, § 8378.

Mere absence of defendant and counsel from the court is wholly insufficient as ground for reopening a judgment. Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; 23 Cyc. 945.

A judgment cannot be vacated upon motion for a mistake of law. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Breed v. Ketchum, 51 Wis. 164, 7 N. W. 550.

BURKE, J. This action originated in justice court by the filing of a summons in which was contained plaintiff's complaint, as follows:

You are hereby summoned and required to appear before me at my office in the city of Enderlin, county of Ransom, state of North Dakota, on the 4th day of May, 1912, at the hour of 9 o'clock on the forenoon of said day, then and there to answer to the complaint of the above-named plaintiff, who claims and alleges to recover of you the sum of $33.91 with interest thereon at the rate of 7 per cent per annum from and since the 6th day of December, A. D. 1911; said amount the plaintiff alleges is due from you for goods, wares, and merchandise sold and delivered to you at your special instance and request by the plaintiff between the 3d day of November and the 6th day of December, 1911, both inclusive, and which said merchandise, goods, and wares you have failed to pay for, or any part thereof. And you are hereby notified that unless you so appear and answer the said complaint, the plaintiff will take judgment against you by default for said sum of $33.91 and interest, together with the costs and disbursements in the action.

Dated this 22d day of April, 1912.

Signed, Fred Underwood,
Justice of the Peace.

This summons was served upon the defendant, and duly filed in the office of the justice.

The docket of the justice shows the following:

On this 22d day of April, 1912, on application of C. G. Bangert, attorney for the plaintiff, I issue a summons in the above-titled action, and direct the same to the above-named defendant, Joseph Akers, wherein and whereby the plaintiff claims and seeks to recover of the defendant the sum of $33.91 with interest thereon at the rate of 7 per cent per annum from and since the 6th day of December, 1911, the same being the alleged balance due for goods, wares, and merchandise sold and delivered to the defendant by the plaintiff between the 3d day of November, 1911, and the 6th day of December, 1911, said summons being returnable at my office on the 4th day of May, 1912, at the hour of 9 o'clock A. M. On this 4th day of May at the said hour of 9 o'clock, this action came up for trial. Plaintiff appeared by F. C. Williams, its vice president, and C. G. Bangert, its attorney; defendant appeared in person and by its attorney, O. S. Sem. On this said date, and at the hour of 8 A. M., the defendant by his said attorney filed an order of judgment in writing, offering judgment to the plaintiff for the sum of $15 and accrued costs of this action to the date of such filing. Plaintiff, by its attorney, made a verbal complaint herein, which, in addition to alleging that the plaintiff is a corporation, alleges substantially as shown by the summons herein. Defendant moves to dismiss this action for want of a written complaint filed herein, and that if the complaint is oral, it has not been taken down on the docket. Motion denied and defendant excepts. Plaintiff now files his demurrer herein as follows, to wit: Comes now the defendant and demurs to plaintiff's complaint herein, on the grounds that the complaint is not in writing and is oral, or has not been taken down in writing, and if oral it has not been taken down in the docket. That the complaint does not state facts constituting a cause of action against the defendant. Demurrer overruled by the court. Defendant's written answer then filed. Plaintiff called defendant to witness stand for cross-examination under the statutes. F. C. Williams sworn and testified on behalf of the plaintiff. Plaintiff now rests. Joseph Akers testified on behalf of the defendant. Defendant now rests. After hearing the argument by counsel

both for the plaintiff and defendant, and being fully advised herein, it is by this court considered, adjudged, and ordered, that the plaintiff does hereby have and recover judgment against the defendant for the sum of $34.85 debt and damage, together with the further sum of $18.80 accrued costs herein, and thus making a total judgment against the defendant, and in favor of the plaintiff, in the total sum of $53.65.

Given under my hand this 4th day of May, A. D. 1912.

Signed, Fred Underwood,
Justice of the Peace.

The defendant felt aggrieved at the outcome of the suit in the justice court and appealed to the district court. This appeal was from the whole of said judgment and upon questions of both law and fact, accompanied by a demand for a new trial in the district court of said county. The case appeared upon the calendar of the district court at the term commencing on the 3d day of December, 1912. About a week before the first day of said term the defendant by his attorney filed in said court the following document: "Comes now the defendant, Joseph Akers, by his attorney, O. S. Sem, appearing in writing, at the time said case is reached upon the calendar on the 3d day of December, 1912, or as soon thereafter as counsel can be heard, and said defendant hereby demands that the questions of law raised by said defendant's appeal herein be tried in the following order: First. Said defendant, Joseph Akers, demands a hearing on his demurrer to plaintiff's complaint herein filed in the justice court on June 6th, 1912. Second. In the event that the court sustains the demurrer with leave to plaintiff to file and serve a complaint, the defendant demands the statutory time of thirty days from date of service in which to answer or demur to such complaint. In the event that the court should overrule the demurrer, the said defendant asks for an exception to such ruling. Third. Said defendant offered objections to the case coming to trial at the December, 1912, term of said court, on the ground that the case is not at issue; no complaint in writing was filed in the court below; neither was an oral complaint, if any, taken down on the docket of the justice who tried the case; nor the substance thereof taken down on the docket. Said defendant demands a ruling on his said objections. In the event the

court should sustain the objections of the defendant with leave to file and serve a complaint, the defendant demands the statutory time of thirty days in which to answer or demur to such complaint. And in the event the court should overrule the objection, the defendant asks for an exception to such ruling. Said defendant further demands that all of the foregoing, in proper form, be embodied into a statement of case in the event the defendant should be so advised."

Further than filing the above instrument the defendant made no appearance whatever at the December, 1912, term of court, and when the case was reached for trial, the following proceedings were had as shown by the records of said district court.

This matter coming on before the court upon the written appearance, demands, and objections filed on the part of the defendant, at the hour of 2 o'clock in the afternoon of the 3d day of December, A. D. 1912, that being the first day of the regular December term of the district court in and for Ransom county, North Dakota, the plaintiff appeared through its attorney, C. G. Bangert, and the defendant having made and filed a written appearance through its attorney, O. S. Sem, the matter having been presented to the court in due form, and the court being now fully advised in the premises, it is ordered and determined: First. That the demurrer of the defendant, Joseph Akers, to the plaintiff's complaint filed in the police magistrate court is overruled. Second. That the objection of the defendant to the trial of said action at this term of court is overruled, and that the said action will stand for trial in its regular order.

By the Court. Frank P. Allen, Judge.

It is further shown by the records of said district court that the case was reached in its regular order on the 9th day of December, 1912, plaintiff appearing through its attorney, and the defendant made no further appearance, a trial by jury was waived by the plaintiff in open court, and a trial was had by the court. Plaintiff offered its proof in support of its cause of action, and the defendant failed to offer proof of any kind, and the court ordered judgment in favor of the plaintiff against defendant in the sum of $33.91 with interest and costs.

Defendant thereafter moved the district court to vacate and set aside

the judgment entered as aforesaid for the following reasons: "First. Irregularities in the proceedings of the court and adverse party, and in the abuse of discretion of the court in denying a hearing on his demurrer herein, and in ordering such case tried without a complaint, and in denying defendant's objection to coming to trial at said time, whereupon the defendant was prevented from having a fair trial.  Second.  Accident and surprise, which ordinary prudence could not have guarded against.  Third.  Excessive judgment or damages appearing to have been given under a misapprehension of the facts and the state of the record to the prejudice of said defendant.  Fourth.  That the said judgment is against law.  Fifth.  Errors in law occurring at the trial and proceedings had before the court and excepted to by the defendant." This order being denied by the trial court, appeal was taken to this court assigning the same errors, and in addition predicates error upon the order of the trial court in entering judgment without the questions of law involved in the case being first tried.

We think the contention of the appellant can be disposed of under three propositions.  First.  Was it error of the district court to overrule the demurrer interposed before the justice of the peace?  Second. Was it error of the district court to order the case for trial at the December, 1912, term thereof?  Third.  Was it error for the said district court to refuse to open up the judgment upon the application made for that purpose?

(1) Section 8378, Rev. Codes 1905, reads as follows: "A pleading in a justice's court is not required to be in any particular form, but must be so expressed as to enable a person of common understanding to know what is intended.  The pleadings may be oral or written, and need not be verified unless otherwise specially prescribed."  We think it too plain for argument that the record of the justice shows a complete compliance with the requirements of this section.  The justice courts are intended for the use of laymen, and this court has repeatedly held that the strict rules applicable to pleadings in courts of record cannot be applied to the pleadings in justice court.  Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666; Jerome v. Rust, 19 S. D. 263, 103 N. W. 26.  In the case of Hanson v. Gronlie, supra, it is held that all that is necessary is that the pleadings be either oral or written and such that a person of ordinary understanding can compre-

hend them. Kelsey v. Chicago & N. W. R. Co. 1 S. D. 80, 45 N. W. 204; Sinkling v. Illinois C. R. Co. 10 S. D. 562, 74 N. W. 1029; Berry v. Bingaman, 1 S. D. 525, 47 N. W. 825. In the Hanson v. Gronlie Case, 17 N. D. supra, it was held that a demurrer to a complaint in justice court is properly overruled where the complaint is sufficient to apprise a person of common understanding of the exact nature of the plaintiff's demand.

The justice of the peace, by inserting upon his docket the notation that the complaint was oral, and giving reference thereafter to the summons, which itself was very complete, supplied everything that was needed in the line of a complaint, so far as the justice court was concerned. When the case reached the district court the plaintiff had ample time to supply a written complaint if it were necessary. The defendant, by his objection filed a week before the term, took the ground that no complaint would be filed in the district court. The record is silent upon this question, and it is not necessary for us to pass upon the question whether a written complaint would be necessary when the trial was reached. The complete default of the defendant precludes him from making any objection to the procedure in the district court after his demand for delay was overruled.

It is thus plain that the action of the trial court in overruling the demurrer which had been interposed in the justice court was proper.

(2) Was it proper for the trial court under those circumstances to deny the demand of the defendant that this case go over the term? The conduct of litigation must be left largely to the discretion of the trial court. It is desirable that all litigation be expedited when the same can be done without injury to the rights of the litigant. Although the demurrer was overruled on the 3d day of December, and the case was not reached for trial before the 9th, defendant made no appearance, and evidently made no effort to ascertain the result of his contentions. The rules for obtaining a continuance of a case which has been set for trial, and is upon the calendar, were completely ignored by the defendant, and the action of the trial court in ordering the case for trial was correct, and to be commended.

(3) Was it error of the trial court to refuse to reopen the judgment upon application of the defendant? We think not. While in the affidavit of merits filed in the case it is stated that defendant was surprised

26 N. D.—26.

by the entering of judgment against him, yet he gives no facts substantiating this conclusion excepting that "before the December, 1912, term of said district court he was informed by his attorney that his case was not at issue, and would not be tried at said term." This is no excuse.

There are other questions of minor importance, but nothing that would even remotely support a reversal in this case, and we will not further dwell upon the subject. The order of the trial court is in all things affirmed.