# JENS PETERSON v. EMMA BERTILSON.

## (157 N. W. 984.)

**Justice court — money due — action to recover — complaint in — oral or written — no particular form.**

1. A complaint, in justice court, in an action for the recovery of money due upon an account, is not required to be in any particular form, and may be either oral or written.

**Complaint — object of — susceptible of common understanding — claim — statement of.**

2. The object of such complaint is fully accomplished when a person of common understanding is fairly apprised by it of the grounds of plaintiff's claim.

**Trial court — action — dismissal — for want of complaint.**

3. For reasons stated in the opinion it is *held* that the trial court erred in dismissing the instant case for want of a complaint.

Opinion filed April 29, 1916.

From a judgment of the District Court of Burke County, *Leighton,* J., plaintiff appeals.

Reversed.

*V. E. Stenersen* and *H. A. Hanson,* for appellant.

A pleading in a justice court is not required to be in any particular form, but must be so expressed as to enable a person of common understanding to know what is intended. It may be oral or written. Comp. Laws 1913, §§ 9039, 9044.

Proceedings before a justice of the peace should be construed with great liberality; substance, not form, being regarded. 12 Enc. Pl. & Pr. 695; Kelsey v. Chicago & N. W. R. Co. 1 S. D. 80, 45 N. W. 205; Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666; Jerome v. Rust, 19 S. D. 263, 103 N. W. 27; Sinkling v. Illinois C. R. Co. 10 S. D. 562, 74 N. W. 1029; Chamberlain-Wallace Co. v. Akers, 26 N. D. 395, 144 N. W. 715.

The statute directing oral pleadings to be reduced to writing by a justice is directory merely, and a party is not to be prejudiced by the failure of the justice to follow. 21 Enc. Pl. & Pr. 697, note; Houston

v. Walcott & Co. 1 Iowa, 86; Indianapolis & C. R. Co. v. Wilsey, 20 Ind. 229; Mansfield's Dig. (Ark.) 1892, § 4050; School Dist. v. Reeve, 56 Ark. 68, 19 S. W. 106; Sinnamon v. Melbourn, 4 G. Greene, 309; 24 Cyc. 638; 12 Enc. Pl. & Pr. 803; Kelsey v. Chicago & N. W. R. Co. 1 S. D. 80, 45 N. W. 205; Hartman v. Franks, 36 Ark. 501; Missouri P. R. Co. v. Ivy, 79 Tex. 444, 15 S. W. 692; Crapoo v. Grand Gulf, 9 Smedes & M. 205; Mitchell Planing Mill Co. v. Short, 58 Mo. App. 320; Applebaum v. Goldman, 155 Mich. 369, 121 N. W. 289; 24 Cyc. 729, 736; Comp. Laws 1913, § 9019.

But, if there was a defective complaint, or no complaint at all, defendant has waived such objection, because not made in the justice court. Defendant knew there with what she was charged by plaintiff, and this was sufficient for all steps in the case thereafter. 12 Enc. Pl. & Pr. 806, 818; Clow v. Murphy, 52 Iowa, 695, 3 N. W. 723; Comp. Laws 1913, § 7642; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; Johns v. Ruff, 12 N. D. 74, 95 N. W. 440.

*E. R. Sinkler, D. C. Greenleaf,* and *M. O. Eide,* for respondent.

On appeal from justice court, "the action shall be tried over in the district court in the same manner as if the action was originally commenced therein." Comp. Laws 1913, § 9172.

"Every pleading in a court of record must be subscribed by the party or his attorney." Comp. Laws 1913, § 7455.

A mere reference to recitals in a summons in justice court, entered in the justice's docket, is in no sense a complaint, either in substance or form. Hilliard v. Loeb, 31 S. D. 329, 140 N. W. 703; Jerome v. Rust, 19 S. D. 263, 103 N. W. 26; Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666.

In justice court, if the complaint is oral, an entry of the substance must be made by the justice in the docket. Kelsey v. Chicago & N. W. R. Co. 1 S. D. 80, 45 N. W. 204.

"The statute providing for oral pleadings in the justice court generally directs that the substance thereof shall be written down by the justice in his docket." 12 Enc. Pl. & Pr. 697, and cases cited; Steelman v. Owen, 8 Port. (Ala.) 562; Moffitt v. Bragg, 9 Port. (Ala.) 424; Simmons v. Titche Bros. 102 Ala. 317, 14 So. 786; Abbott v. Kruse, 37 Ill. App. 549.

The justice's return must state that the complaint annexed is the

one served, on which the judgment was rendered.    Spring v. Baker, 1 Hilt. 526.

The record on appeal showing that there was no complaint in justice court, and the plaintiff not asking leave to file one upon defendant's objection, the action should be dismissed.    Century Dig. Justices' Code, §§ 647, 651, 654; Swineford v. Pomeroy, 16 Wis. 553; Burnham v. Turner, 14 Wis. 622.

Lack of a complaint is just as fatal to the judgment as is want of evidence to support the judgment.    Satterlund v. Beal, 12 N. D. 123, 95 N. W. 518; Bergman v. Margeson, 31 S. D. 1, 139 N. W. 374.

The purpose of pleadings is to present issues and to define their boundaries.    Bergman v. Margeson, supra.

"Defendant, on appeal from a default judgment of a justice, may object to the absence of a complaint, as he could have done in the justice court."    Hilliard v. Loeb, 31 S. D. 329, 140 N. W. 703.

A good complaint, either oral or written, is necessary to support a judgment.    24 Cyc. 555; 31 Cyc. 45; Baylies, Code Pl. § 2.

On appeal from a justice's judgment where the notice demands a new trial, the cause goes on the calendar of the district court to be tried anew.    Meyers v. Mitchell, 1 S. D. 249, 46 N. W. 245.

Objections made on appeal to the district court, in the district court on the opening of the case, are timely.    Century Dig. Justice of Peace, §§ 647, 651, 654.

CHRISTIANSON, J.    This action was originally commenced in the justice court of Burke county.    The justice issued a summons which, omitting certain formal parts, was in words and figures as follows:

The State of North Dakota Sends Greetings to Said Defendant: You are hereby summoned to appear before me at my office in the city of Bowbells, in said county, on the 12th day of April, 1912, at 10 o'clock in the forenoon of said day, to answer the complaint of the above-named plaintiff, who claims to recover of you the sum of one hundred seventy-six dollars and twenty-five cents, for work, labor, and services performed for you, and goods, wares, and merchandise and board and lodging furnished you and to you during the year previous to March 1, 1912, by one Mary Robbins, at your request at the agreed

34 N. D.—11.

price and reasonable value of said sum, no part of which has been paid although demanded: That said account, before the commencement of this action, was sold, transferred, and assigned by the said Mary Robbins to this plaintiff, for a valuable consideration, and that this plaintiff is now the owner and holder thereof.

And you are hereby notified that if you fail to appear and answer said complaint as above required, said plaintiff will take judgment against you for the said amount of one hundred seventy-six dollars and twenty-five cents, and interest thereon at the rate of 7 per cent per annum since March 1, 1912, together with the costs and disbursements of this action.

Given under my hand this 8th day of April, 1912.

C. F. Randall,

Justice of the Peace, within and for

Burke County, North Dakota.

To the Sheriff or any Constable of said Burke County, Greetings:

Make legal service hereof and due return.

This summons was duly served upon the defendant on April 8, 1912. On the return day, to wit, April 12, 1912, both parties to the action appeared by their attorneys, and the defendant filed an affidavit and motion for a change of venue. The case was then transferred to the justice court of J. L. Finke, and subsequently came regularly on for trial before said Finke on April 15, 1912, both parties appearing in person and by their attorneys. And the transcript of the justice's docket shows that the following proceedings were had at that time: "Plaintiff makes oral complaint alleging the facts set forth in the summons, and prays for judgment against the defendant for the sum demanded therein with interest and cost."

The defendant in no manner assailed the sufficiency of the complaint in the justice court, but interposed an oral answer thereto which was entered by the justice upon his docket as follows: "Comes now the defendant, and, in answer to the complaint of the plaintiff, denies each and every allegation, matter and thing therein contained. Further answering, defendant alleges that at all times mentioned in the complaint of the plaintiff, that the defendant and Mary Robbins were in partnership, that no accounting has been had or demanded in regard

to said partnership, wherefore defendant demands judgment for the dismissal of the plaintiff's complaint, and that she have her costs and disbursements herein."

The case was thereupon fully tried upon these pleadings. Evidence was offered by both parties, and the cause submitted on its merits, and resulted in a judgment in plaintiff's favor. The defendant thereafter appealed to the district court of Burke county from the judgment rendered by the justice of the peace, and demanded a new trial in the district court. The cause was continued over the July, 1913, term of the district court upon the application of defendant. No attack was made on the complaint until the action was called for trial on July 7, 1914, at which time the attorneys for the defendant moved for a dismissal on the ground that there were no pleadings before the court, and that no complaint had ever been made. This motion was denied and a jury was impaneled to try the cause. No further objection was made to the sufficiency of the complaint, but both parties introduced evidence, and the cause was fully tried and submitted, and the jury returned a verdict in favor of the plaintiff. The defendant subsequently, pursuant to notice, moved the court for a dismissal of the action and for judgment notwithstanding the verdict on the grounds that no complaint had ever been made or filed, and that there never had been any complaint in the action. This motion was granted and judgment was entered for a dismissal of the action, and the plaintiff has appealed from this judgment.

The only question presented on this appeal is whether the trial court erred in granting defendant's motion for a dismissal of the action and for judgment notwithstanding the verdict. We are of the opinion that this question must be answered in the affirmative.

Under the laws of this state, "a pleading in a justice's court is not required to be in any particular form, but must be so expressed as to enable a person of common understanding to know what is intended. The pleadings may be oral or written, and need not be verified unless otherwise specially prescribed." (Comp. Laws 1913, § 9039.)

The sufficiency of an oral complaint in justice court was considered by this court in Chamberlain-Wallace Co. v. Akers, 26 N. D. 395, 144 N. W. 715. In that case the docket entry of the justice of the peace read as follows: "Plaintiff, by its attorney, made a verbal complaint

herein, which, in addition to alleging that the plaintiff is a corporation, alleges substantially as shown by the summons herein." In that case defendant assailed the complaint in the justice court, both by motion to dismiss and by general demurrer. The attack was renewed in the district court, but this court held the complaint to be sufficient. In discussing this question this court said: "The justice of the peace, by inserting upon his docket the notation that the complaint was oral, and giving reference thereafter to the summons, which itself was very complete, supplied everything that was needed in the line of a complaint, so far as the justice court was concerned." In the case at bar no objection was made in the justice court. The summons in the case at bar is very full and complete, and unquestionably sufficient to enable a person of common understanding to know what is intended. The docket entry of the justice of the peace shows that the oral complaint alleged the facts set forth in the summons, and the defendant's answer indicates that both parties fully understood the matters at issue between them. Obviously if the complaint construed in Chamberlain-Wallace Co. v. Akers was sufficient, the complaint in the case at bar was sufficient.

A similar question was considered by the supreme court of Michigan in the case of Wilcox v. Toledo & A. R. Co. 43 Mich. 584, 5 N. W. 1003. In that case the declaration was oral, and entered by the justice on his docket as follows: "On the common counts in assumpsit, and on note or contract, now here filed as a part of the declaration, and claims damage, $300." The plaintiff also notified defendant that the paper writing was the sole cause of action. The defendant challenged the sufficiency of the declaration by motion for nonsuit. The motion was denied and plaintiff had judgment. In discussing the question of the sufficiency of the complaint, in an opinion written by the celebrated jurist, Judge Cooley, the court said: "It is no new thing to have an objection of this sort to the pleadings in justices' courts raised before us. As the proceedings in those courts are commonly managed by parties unlearned in the law, defects in their allegations, when tested by the rules of art, are to be expected in almost every case which is at all complicated. If every such objection were disregarded, pleadings in justices' courts would, in effect, be dispensed with. Every plaintiff might allege as much or as little as he pleased, and recover without re-

gard to his allegations. If every one were sustained which would be good if made to pleadings in courts of record, the parties in justices' courts would be driven to the employment of legal assistance in every case, and these courts, which are intended for the easy and inexpensive redress of wrongs not of great magnitude, would cease to accomplish their purpose.

This court has adopted neither the one course nor the other. It has required the plaintiff in justice's court to apprise the defendant fairly of the cause of action relied upon, but when this has been done the court has refused to regard formalities or technicalities. The object of the declaration is fully accomplished when the defendant is fairly apprised by it of the grounds of the plaintiff's claim, so that he need be under no misapprehension as to what matters are to be litigated on the trial."

In Swineford v. Pomeroy, 16 Wis. 553, the supreme court of Wisconsin said: "Great liberality is exercised in construing pleadings in justice's court, and they are invariably sustained when they are good in substance, and are not objected to because not technically formal or correct. It was in the power of the defendants to have required a written complaint in the county court, if they were in doubt what really constituted the plaintiff's cause of action. But they were probably not in the dark upon that point, as their full answer shows." See also Sinkling v. Illinois C. R. Co. 10 S. D. 560, 74 N. W. 1029; Hanson v. Gronlie, 17 N. D. 191, 115 N. W. 666; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676.

The respondent relies largely upon the decision of the supreme court of South Dakota in the case of Hilliard v. Loeb, 31 S. D. 329, 140 N. W. 703. In that case, however, the justice's docket failed to show that any complaint, either oral or written, had been made. The court said: "There is no suggestion or statement among the recitals in the docket entries that the pleading was oral or that a written complaint was filed. The necessary conclusion is that no complaint, oral or written, was ever made in that court." The court also said: "The sufficiency of a pleading and the absence of any pleading present entirely different questions." Even with the conditions existing in that case, two members of the South Dakota court dissented from the conclusions reached by the majority. And even the majority members held that "the trial court

had authority to permit the filing of pleadings, and, upon request, should have permitted pleadings to be filed." It is unnecessary for us, however, to either approve or disapprove the decision of the South Dakota court. Obviously the facts distinguish it from the case at bar, and it is not authority in favor of respondent's contention herein.

We are agreed that the trial court erred in dismissing the action for want of a complaint. The judgment appealed from is therefore reversed and the cause is remanded for further proceedings in conformity with this opinion.