# GAMMONS, ASSIGNEE, ETC., *v.* HOLMAN, ET. AL.

A Parol Transfer of Goods to Arrive, as Security for a Pre-existing Indebtedness and for advances subsequently to be made, is valid as against the assignee for the benefit of the creditors of the transferor, although actual possession of such goods is not obtained by the pledgee until after the assignment for the benefit of creditors.

An Assignee for the Benefit of Creditors Acquires only such Rights in the property assigned as his assignor had at the date of the assignment.

Appeal from Multnomah County.

*Fred. R. & Thos. N. Strong,* for appellant.

*Thayer & Williams,* for respondents.

By the Court, Watson, C. J.:

The respondents were draymen engaged in business at Portland, Oregon, under the firm name of Holman & Co. The appellant's assignor, Klingel, was dealing in drugs, stationery, etc., at the same place.

The latter became indebted to the former for drayage and money advanced for freight upon goods consigned to him, but received by them and delivered to him at his place of business, to the amount of several hundred dollars.

Finally, some time prior to April 19, 1882, the parties entered into a parol agreement by which the respondents were to advance freight upon twenty-three packages, at the time on board the steamer Oregon bound for Portland, and consigned to Klingel at that place, and take and receive such packages into their possession upon their arrival, and hold the same as security for the payment of all his indebtedness to them, with power to sell in case of his failure to pay off such indebtedness.

The respondents made the additional advances thus stipulated on said nineteenth of April, 1882, and received possession of the goods on the arrival of the steamer three days after.

In the meantime, on April 20, 1882, Klingel executed an assignment for the benefit of all his creditors, covering all his property, to the appellant. The appellant afterwards brought this action as such assignee to recover the value of the property, alleging its conversion by the respondents.

The important question arising upon the record before us of the proceedings had in the case in the lower court, is whether the respondents acquired any right to the possession and disposal of the property, as against the appellant, by virtue of their agreement with Klingel and their act of taking possession under it?

Their agreement with Klingel was a valid one beyond question, and had no assignment been made by him their right to retain the property or dispose of it for non-payment of their claim against him, after obtaining possession, could not be disputed. (*Parshall, et al.* v. *Eggert*, 54 N. Y., 18.)

But we are unable to discover wherein the rights of the assignee with relation to the property in such cases are either greater or different than previously belonged to the assignor.

He takes the legal title, nothing more, and acquires just such rights in the property as his •assignor had and none other.

There is nothing in our assignment act indicating any such difference, and it certainly cannot be sustained on common law principles. (Sess. L., 1878; *Lempriere* v. *Pasley*, 2 T. R., 485.) This case indeed is directly in point and decisive of the one under consideration.

The judgment of the circuit court must be affirmed.