## DEWEY V. FEILER.

A justice's docket recited commencement of action for services of attorney, appearance of defendant at the hour set for trial, proof of service on him, a waiting for 1½ hours for plaintiff, his failure to appear, the swearing of defendant, who demanded a judgment of costs and attorney's fees, and an adjudication that defendant recover a certain sum as costs in the action, and have execution thereon. *Held,* that there was no judgment on the merits, barring another action by plaintiff.

(Opinion filed September 2, 1899.)

Appeal from Lawrence county court.   Hon. JOSEPH B. MOORE, Judge.

Action by Herbert E. Dewey against Wm. Feiler, to recover attorney's fees.   Judgment for defendant.   Plaintiff appeals. Reversed.

The facts are stated in the opinion.

*H. E. Dewey,* for appellant.

*Frawley & Laffey,* for respondent.

HANEY. J.   This is an action to recover $100 for services as an attorney at law.   The only defense is an alleged former adjudication of the same cause of action.   Prior to its commencement plaintiff began a suit in justice's court to recover $50 for the same services.   Upon the day fixed for the trial in the former action the following proceedings were had, as shown by the justice's docket:   "Be it remembered, that on this 28 day of April, 1897, Herbert E. Dewey commenced action for the recovery of $50, retaining and counsel in the case against William Feiler of the State vs. William Feiler. Case set for May 1, 1897, at 9:30 a. m. On this 1st day of May, at 9:30 o'clock a. m

the hour set for trial of this action, defendant appeared in person, with Joseph B. Moore, his attorney, and due proof of the personal service of notice and summons in this action against William Feller, the defendant, having been made, and after waiting one and a half hours, and the plaintiff not appearing, nor did any one appear for him, the defendant was sworn, and on motion of Joseph B. Moore, attorney for defendant, who demanded a judgment of the costs and attorney's fees, $5.00; B. VanNess, $2.70, costs at Lead City, as justice fees; P. H. Early's costs, $1.65; officer's fees, $1.90,—it is ordered and adjudged that defendant have and recover from the plaintiff the sum of $11.25, as costs in this action, and that defendant have execution thereon." The learned county judge, against plaintiff's objections, permitted this former judgment to be received in evidence, and, regarding it as a bar to the present action, directed a verdict for defendant.

A judgment, if rendered upon the merits, is a finality as to the claim or demand in controversy. Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803. Was the former judgment introduced by defendant one upon the merits? Plaintiff having failed to appear at the time fixed for the trial, it was the duty of the justice to dismiss the action without prejudice to a new action, and enter a judgment in favor of defendant for costs. Comp. Laws, § 6103. It will be presumed he did his duty unless the contrary clearly appears. The docket of a justice should show the object of the action; amount of money claimed; a minute of the pleadings, if in writing; if not in writing, a concise statement of their material parts. Comp. Laws, § 6123. Where it is silent as to these facts, the inference is that they did not exist. Then there were no pleadings, oral or

written, in the former action.　Consequently no issues and no trial upon the merits could have taken place.　The judgment itself does not purport to be upon the merits.　It is merely for costs, and should not be construed as determining any issue involved in the present suit.　The verdict should not have been directed for defendant.　The order appealed from is reversed, and a new trial granted.