## STATE v. CARLISLE.

Under Rev. Justices' Code, § 124, providing that, when a change of the place of a preliminary examination is granted, the cause shall be transferred to the next nearest justice "unless the parties otherwise

agree," that the transcript on a change reciting that the second jus-
tice was the next nearest justice did not show that the parties did not
agree upon another magistrate does not vitiate proceedings before the
second justice, since, the first justice having jurisdiction, it will be
assumed that he proceeded according to the statute.

When acting within his jurisdiction, the same presumption will
be indulged to support a justice's orders and judgments as are in-
dulged to support judgments of courts of general jurisdiction.

Under Rev. Justices' Code, § 124, providing that, when a change
of the place of a preliminary examination is granted, the cause shall
be transferred to the next nearest justice "unless the parties otherwise
agree," on ordering a change the first justice must determine whether
the parties have agreed upon a justice, and, in the absence of an agree-
ment, send the case to the next nearest justice.

An allegation that accused practiced dentistry without a license
means that he acted without authority from the board of dental ex-
aminers, either through the license provided for in Rev. Pol. Code, art.
10, c. 4, § 289, or the temporary certificate provided for in section 293.

To ascertain what constitutes an offense under Rev. Pol. Code,
art 10, c. 4, § 289, relating to dentists, the whole act must be consid-
ered.

Under Rev. Pol. Code, art. 10, c. 4, §§ 285, 290, 293, 294, prohib-
iting the practice of dentistry without a license, but allowing students
to do clinical work, physicians and surgeons to extract teeth, and any
one to use a domestic or other remedy to relieve pain, etc., an infor-
mation charging that accused unlawfully practiced dentistry without a
license from the state board of dental examiners is insufficient.

(Opinion filed, December 16, 1908.)

Error to Circuit Court, Minnehaha County.  Hon. JOSEPH W.
JONES, Judge.

C. L. Carlisle was convicted of practicing dentistry without a
license, and he brings error.  Reversed, with directions.

*Berg & Clarke,* for plaintiff in error.

It is not sufficient to charge an offense in the language of the
statute alone, where by its generality it may embrace acts which it
was not the intent of the statute to punish.  Cyc. Vol. 22 p. 343;
State v. Bruce, 27 Conn. 319; King v. State, 42 Fla. 260; Schmidt
v. State, 78 Ind. 41; Bates v. State, 31 Ind. 72; State v. Gould-
ing, 44 N. H. 284; State v. Perham, 4 Ore. 188; State v. Packard,
4 Ore. 157; Commonwealth v. Felburn, 119 Mass. 297; State v.
Lawrence, 43 Kan. 125.

*S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen., A. F.
Orr, State's Atty.,* and *U. S. G. Cherry,* for the State.

The information states the offense of practicing dentistry with-out a license in the language of the statute, and it is not necessary to negative the specifications given in Secs. 290 and 293, Rev. Pol. Code. That is a matter of defense. When an exception is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is a matter of defense and need not be alleged in the information. Territory v. Scott, 2 Dak. 212; 6 N. W. 435; State v. Kendig, 110 N. W. 463; State v. Miller, 24 Conn. 522; Com. v. Jennings, 121 Mass. 47; Hale v. State (Ohio) 51 N. E. 154; United States v. Cook, 17 Wall. 168; 22 Cyc. 344.

HANEY, P. J. Having been convicted of practicing dentistry without a license, the defendant removed the record of such conviction to this court for review by writ of error.

It is contended the circuit court had neither jurisdiction of the action nor of the person of the defendant. It appears that the accused applied for and was granted a change of the place of examination from the justice of the peace before whom the prosecution was instituted. After the transcript and proper papers were received by the second justice, defendant moved to dismiss on the ground that the second justice was without jurisdiction, which motion was denied, and defendant was held to answer the charge preferred against him. The proceedings before both magistrates are conceded to have been in all respects regular, except that the transcript transmitted by the first to the second justice recited that the cause was transferred to E. B. Skinner, "he being the next nearest justice," without stating that the parties had not otherwise agreed. On the theory that the circuit court was without jurisdiction because the transcript from the first justice failed affirmatively to show that the parties had not agreed upon a magistrate to whom the cause should be transferred, it is claimed the circuit court erred in refusing to set aside the information filed therein by the state's attorney. It is provided in the Justices' Code that, when a change of the place of examination is granted, "the cause shall be transferred to the next nearest justice of the same county, unless the parties otherwise agree." Rev. Justices' Code, § 124. It is undisputed that the first justice had jurisdiction of the subject-matter and ac-

quired jurisdiction of the person of the defendant. This being so, it must be presumed, in the absence of any showing to the contrary, that he proceeded in the manner prescribed by the statute. When acting within the limits of his jurisdiction, the same presumptions will be indulged in support of the judgments and orders of a justice of the peace as are indulged in to support the judgments of courts of general jurisdiction. Jewett v. Sundback, 5 S. D. 111, 58 N. W. 20. It was the duty of the first justice to determine whether or not the parties had agreed upon the justice to whom the cause should be transferred, and, in the absence of an agreement, to send it to the next nearest justice of the same county. It will be presumed he did his duty. Dewey v. Feiler, 11 S. D. 632, 80 N. W. 130. Therefore the circuit court did not err in refusing to set aside the information.

So far as material on this appeal, the allegations of the information are "that C. L. Carlisle * * * on the 1st day of May, A. D. 1907, at the county of * * * did * * * unlawfully and willfully practice dentistry without having a license so to do from the state board of dental examiners of the state of South Dakota, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota." Article 10, c. 4, Rev. Pol. Code, contains these provisions: "It shall not be lawful for any person to practice dentistry in this state without having a license so to do from the board of dental examiners." Rev. Pol. Code, § 285. "All licenses issued by the board shall be signed by the several members thereof and be attested by its president and secretary under the seal of the board." Id. 289. "A person shall be deemed to be practicing dentistry within the meaning of this article, who shall perform operations, or parts of operations of any kind, or treat diseases or lesions of the human tooth or jaw or correct malpositions thereof. But nothing in this article contained shall be so construed as to apply to acts of bona fide students of dentistry done in the pursuit of clinical advantages under the direct supervision of a preceptor or a licensed dentist in this state during the period of their enrollment in a dental college, and attendance upon a regular course in such college, or to prevent any legally qualified·resident physician and surgeon from extracting

teeth, or to prevent any person from using any domestic remedy or other means for the relief of pain." Id. 290. "Any two members of said board. may issue a temporary certificate to any applicant upon the presentation by such applicant of the evidence of the necessary qualifications to practice dentistry, and such temporary certificate shall remain in force until the next regular meeting of said board occurring after the date of such temporary certificate, and no longer. But one temporary certificate shall ever be issued to the same applicant." Id. 293. "Any person violating any of the provisions of this article is guilty of a misdemeanor and upon conviction thereof is punishable by a fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding thirty days, or by both." Id. 294; Laws 1903, p. 137, c. 124.

Defendant insists that the information was fatally defective for the following reasons: "(1) It fails to negative the issuance of a temporary certificate, pursuant to section 293 of the Political Code of the state of South Dakota. (2) It fails to negative the conditions under which the act alleged to have been performed might be performed pursuant to section 290 of the Political Code. (3) It fails to specify any overt act or acts of the defendant, and fails to specify any circumstances or material facts necessary to complete and constitute the offense of practicing dentistry without a license, and embraces no part of the statutory definition of the crime." In this jurisdiction all the forms of pleading in criminal actions and rules by which the sufficiency of pleadings is to be determined are those prescribed by the Code of Criminal Procedure. Rev. Code Cr. Proc. § 219. An information must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Id. 221. Words used in a statute to define a public offense need not be strictly pursued in the information; but other words conveying the same meaning may be used. Id. 228. The allegation that defendant practiced "without having a license so to do" should be construed to mean that he was acting without authority from the board of dental examiners, either through the license provided for in section 289 or the temporary certicate provided for in section 293, and was in that re-

spect sufficient. Independently of the statute any one might practice dentistry without permission of the board, notwithstanding the statute certain persons under certain circumstances may do so; and all persons may do certain acts pertaining to the practice of dentistry as ordinarily defined. To ascertain what is forbidden—what constitutes the crime created by the Legislature, and attempted to be charged in this action—consideration must be given to the entire enactment. Such crime is not defined by section 285. The forbidden acts are those mentioned in section 290. The forbidden omission is failure to procure the license or certificate required by other sections. It is therefore clear that the information in this case does not contain a statement of the acts constituting the alleged offense, and that defendants objection to the introduction of any evidence and his motion in arrest of judgment should have been sustained. This view has the support of the only analogous adjudication to which attention has been called. O'Connor v. State, 46 Neb. 157, 64 N. W. 719.

Whether in prosecutions under this statute the pleader should negative the exception relating to bona fide students need not now be determined. The question is one not free from doubt, and should be avoided in justice to that worthy class of citizens. The judgment of the circuit court is reversed with directions to dismiss the information, and take such further proceedings in the action as may be proper and consistent with this decision.