# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

BERGMAN, Respondent, v. MARGESON, Appellant.

(139 N. W. 374.)

1. **Justice's Court—Appeal—Filing Within Statutory Time—Waiver.**
   Failure of justice of ¦the peace to file the appeal transcript within fifteen days from time of perfecting appeal, as provided in Sec. 106, Justice's Code, is not jurisdictional, and right to dismiss the appeal on that ground may be waived.

2. **Appeal—Failure to File Appeal—Waiver—Decisions of Intermediate Court.**
   Where respondent goes to trial in circuit court, on an appeal from justice's court, without timely motion to dismiss appeal for defendant's failure to file appeal within statutory time, he waives right to dismissal on that ground, and, as the statute confers upon appellant no right to object in circuit court for failure of a justice to transmit the record, files and transcript, no question arising under Sec. 106. Justice's Code, is presented for review on appeal from a judgment of circuit court dismissing the appeal to that court.

3. **Justice's Court—Pleadings—Record—Appeal—Presumptions.**
   Under Justice's Code, Secs. 18, 93, 94, defining requisites of pleadings in justice's court and concerning what the docket must contain, and the docket entries as evidence, the court, where the docket is silent as to the pleadings and contains no recitals or filing of any pleadngs, can only assume that the case was tried in justice's court without pleadings and was submitted on issues raised by the evidence, and that, on the evidence and issues thus presented, the justice entered the judgment disclosed in the transcript.

4. **Same—Appeal—Leave to File Pleading—Objection to Evidence.**
   Where the record on appeal from justice's court is silent as to, and contains no recital of the filing of, any pleadings, and does not purport to contain the substance of any oral pleadings,

the circuit court, on objection, by defendant appealing, to the introduction of evidence because no pleadings are before the court, and no complaint or issue upon which the evidence offered may be received, may permit plaintiff to file a complaint, and defendant to file his answer.

5. Justice's Court—Appeal—Dismissal of Appeal For Want of Pleadings—Dismissal of Action.

The circuit court, on appeal from justice's court, may not dismiss the appeal because of absence of pleadings, oral or written, but may dismiss the action for want of issues to be tried, unless the parties ask leave to file pleadings, which leave may be granted.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, Lyman County. HON. WILLIAM WILLIAMSON, Judge.

Action by Henry Bergman against Frank Margeson, for damages for cutting hay. From a judgment of the circuit court dismissing an appeal from justice's court, defendant appeals. Reversed and remanded.

*Bartine & Bartine, Frank C. Wederath,* and *Lloyd E. Waggoner,* for Appellant.

The appeal brought the case before the court for a trial, and no complaint appearing and no chance to demur or plead that another action was pending between the same parties for the same subject matter, this question was properly raised by defendant's objection to any evidence. See pages 1 and 2 of transcript.

The defendant cannot be said to have waived his right to make this objection by section 125 Code of Civil Procedure, as the time to thus object depended on what pleadings the plaintiff might offer.

The plaintiff having failed to ask leave to supply the complaint, the defendant had no other means of bringing that question before the court.

In South Dakota it is the settled law of the state that the notice and undertaking on appeal from the Justice Court gives the Circuit Court jurisdiction and the appeal cannot be dismissed because of the failure of the justice to transmit the full record on appeal. McLaughlin v. Michel, et al., 14 S. D., 189.

In order that the Circuit Court may summarily dismiss the appeal there must be an utter lack of jurisdiction. But in the case at bar, jurisdiction having been obtained as repeatedly held

in this state as well as in other states by the notice of appeal, and the filing of the undertaking for appeal both of which were transmitted to the Circuit Court with the transcript of the justice of the peace, the dismissal, if at all, would have to be by the court on and by authority vested in it by the statutes, not because of a lack of jurisdiction, but by direction of the statutes after acquiring jurisdiction, and such statutes provide that such a dismissal of the appeal must be upon motion by the appellee to the appellant or his attorney with notice.

Since provision has been made that dismissal of the appeal shall be upon motion and with notice, it is not in the power of the trial court to dismiss without such motion and notice. Justices' Code of South Dakota, Sec. 106, page 1089; McLaughlin v. Michel, 14 S. D., 189; Current Law, Vol. 16, page 561, Note 21; De Foe v. Zenith Coal Co., et al., N. Dak., 103, N. W. 747; Carver v. Smith, Mich., 74 N. W. 528; Leiferman v. Osten, 167 Ill., 93, 39 L. R. A., 156; Jackson v. Berndt, S. D., 123 N. W. 76.

Even if failure to take proper steps to have justice prepare and forward transcript should furnish sufficient reason for dismissal, it would be for want of diligence in prosecution, and not because appellate court was without jurisdiction. Clark v. Harris (Tex.), 129 S. W., 202; Current Law, 561, Vol. 16.

Under the statutes of this state section 102 justice code, it is the duty of the justice, not the appellant, to transmit the record to the circuit court. Appellant had a right to rely upon the justice doing his duty. Range v. Brooks, S. D., 128 N. W. 593.

We cite a few cases to show that the courts of other states hold to the same effect. Haesley v. Thate, N. D., 114 N. W. 311; DeFoe v. Zenith Coal Co., N. D., 103 N. W., 747; Carver v. Smith, Mich., 71 N. W. 528; Leiferman v. Osten, Ill., 39 L. R. A. 156.

In a recent South Dakota case, Range v. Brooks, 128 N. W. 593, no pleadings, transcript or other papers were sent up from the justice as provided by statute. Application to dismiss the appeal was made on motion duly noticed for hearing and the appeal dismissed. It was there held that the statute was directory as to time and that the dismissal of the appeal was an abuse of discretion. How can it now be contended that with all papers trans-

mitted except the pleadings, and no motion made to dismiss, that a dismissal could be proper?

Objection to failure of the justice of the peace to send up pleadings in an action, is waived by going to trial on appeal to the circuit court from the justice court, without an objection because of the absence of such pleadings. Leiferman v. Osten, Ill., 39 L. R. A., 156; Carver v. Smith, Mich., 71 N. W., 528.

It is fundamental that the circuit court, having acquired jurisdiction, had jurisdiction to allow lost pleadings to be supplied. Hager v. Knapp, Oregon, 78 Pac., 671; Carver v. Smith, Mich., 71 N. W. 528; Leiferman v. Osten, Ill., 39 L. R. A. 156.

In the case of Mouser et al., v. Palmer, a South Dakota case, the justice transcript was "very meager," but the court says, "Certainly the rights of the parties ought not to be sacrificed by his (the justice's) negligence." In that case no complaint or answer appears, yet the Supreme Court reserves an order dismissing the appeal. Mouser et al. v. Palmer, 2 S. D., 466.

The settled policy of the court of this state is to give the parties a right to be heard on the merits of the case appealed from justice court, when anything lacking is not the fault of the parties, and when no one is injured thereby, and a fair interpretation of the statutes and the rules of the court will allow it. McLaughlin v. Michel, 14 S. D., 189; Mouser et al. v. Palmer, 2 S. D., 467; Jackson v. Berndt, 24 S. D., 14; Range v. Brooks (S. D.), 128 N. W., 593; Wimsey v. McAdams, 12 S. D., 509.

The defendants, in the use of the word jurisdiction in the objection to the introduction of evidence, referred to the authority of the court to hear evidence and render judgment without the issues being joined. The fact the defendant invoked jurisdiction by perfecting his appeal, and needed it to get relief from the justice judgment, and the fact that the word was used in an objection to evidence and not as a motion, all taken together make clear the meaning.

*Charles D. Howe,* for Respondent.

If the action founded on the first complaint was not in fact, properly dismissed, it was defendant's place to demur to the second action or at least make some objection at the trial. This he failed to do, and thereby waived his rights to thereafter raise the question. South Dakota Code Civil Procedure, Sec. 125.

Objection to evidence was not the proper method to obtain the relief desired.  Procedure in a case such as this is specifically provided for in justice's code of South Dakota, section 102, which recites that the justice may be compelled by order of the appellate court, on motion, to transmit missing papers.  The use of the phrase "on motion" shows that the statute contemplates a motion by the party who considers himself aggrieved.  Respondent was willing to go to trial and appellant alone objected to the absence of the papers.  It was the latter's duty to move that they be supplied rather than to object to the evidence and attempt to block plaintiff's presentation of the case.  Mouser v. Palmer, 2 S. D. 471.

It is funadmental that an appellant can take no advantage of the omission in the appeal transcript.  La Mounts v. La Mount Crys. Egg Co., Mo. App., 81 S. W. 1269.

An appellant will not be heard to assert that the record does not show a final judgment disposing of the main case, since that contention is an invitation to dismiss the appeal. Id.

In this case, also, we submit that appellant's objection to the want of the complaint was an invitation to dismiss.

The appeal was properly dismissed because of the incompleteness of the transcript.

Appeals from the justice court may be dismissed when the transcript fails to show that there were any pleadings.  Walton v. Spinner (Wyoming) 88 Pac. 650; Skinner v. Allison, 108 N. Y. S. 970.

An appeal may be dismissed for the failure to make or file a proper record, as for instance, a record insufficient to present questions sought to be reviewed.  Fisher v. Western Fuse and Explos. Co. (Cal. App.) 107 Pac. 332; Cole Carriage Co. v. Horbeck (Ind App.) 89 N. E. 379; Faulkner v. Baltimore Etc. Co. (Ind. App.) 80 N. E. 511; Culbertson v. Salinger (Iowa) 123 N. W. 65; Fritz v. Snyder (Iowa) 126 N. W. 336; State v. Merryweather (C. C. A.) 171 Fed. 39.

Defects in the proceedings for review warrant a dismissal by the court, sua sponte.  Holtzclaw v. Ware, 34 Ala. 307; Matter of Pearsons, 119 Cal. 27; 50 Pac. 929; Phoenix Ins. Co. v. Hedrick, 69 Ill. App. 184; McManus v. Swift, 76 Iowa 576; 41 N. W. 364; Matt v. Hall, 7 N. Y. Sup. 595; 27 N. Y. St. 133; McCon-

nell v. Spicker, 13. S. D. 466; 83 N. W. 435; Hilton v. Dickenson, 108 U. S. 165; 2 S .A. 424, 27 L. Ed. 688, 3 Cyc. 183.

, Justices code of South Dakota, section 105, page 1089, cited on page 22 of appellant's brief, does not refer to a situation such as is present in the case at bar, but relates only to timely filing.

None of the cases cited on that page (appellant's brief, page 22) sustain the proposition which they are supposed to support, and are not in point as to facts.

Appellant on page 24 of his brief states, "The settled policy of the courts of this state is to give the parties a right to be heard on the merits of the case appealed from justice court," in this case, however, appellant objected to the introduction of evidence and moved to block a hearing of the case on its merits.

The appeal was properly dismissed because, although the transcript was incomplete to appellant's knowledge, he failed to move the court to complete it in accordance with the provisions of Justice's Code of South Dakota, Section 102. As between appellant and respondent, certainly it is the duty of the former to complete the appeal. The absence of the pleadings can in no way be charged to respondent. It is appellant's appeal, and since he attempts to bring the action into the circuit court for a new trial, it is his duty to bring up the proper papers, or see that they are supplied.

A party appealing from a justice's judgment has the burden of showing that all the required steps have been taken to perfect the appeal. Houser v. Nolting, 11 S. D. 483; 78 N. W. 955.

Edminister v. Rathbun, 3 S. D. 129; 52 N. W. 263; Haukland v. Minneapolis & St. L. R. Co., 11 S. D. 496; 52 N. W. 263, and in Fargo v. Graves, 12 S. D. 296; 81 N. W. 201; McLaughlin v. Michel, 14 S. D. 189; Citizens Bank v. Crouch, 3 S. D. 412; 53 N. W. 862.

Appellant appealed from the justice court and then objected to the appeal being heard on its merits, and informed the court that it had no jurisdiction to try the cause. If the court had no jurisdiction to try the cause or to hear evidence, what else could it do but dismiss? By such conduct the appellant estopped himself to appeal from the court's order or judgment. Although the appellant did not in so many words move that the appeal be dismissed, his conduct and motion amounted to the same thing,

and the court was justified in acting on appellant's suggestion and dismissed the case.

Where a party procures the rendition of entry· of a judgment, decree, or order, he is estopped to assert, on appeal or error, that it is erroneous. Essroger v. Chicago, 185 Ill. 422; 55 N. E. 1086; Stein v. Goldsmith, 44 Ill. App. 108; McMahon v. McMahon, 142 Ind. 110; 40 N. E. 661; Stone v. Werts, 3 Bush (Ky.) 486; Steith v. Patterson, 3 Bush (Ky.) 132; Clough v. Clough, 3 B. Monu. (Ky.)·64; Outen v. Grinstead, 4 J. J. Marsh (Ky.) 608; Devecmon v. Shaw, 70 Md. 219; 16 A. 645; Holmes v. Braedwood, 82 Mo. 610; Proestler v. Kuhn, 49 N. Y. 654; Matter of Patterson, 61 Hun. (N. Y.) 625; Selover v. Lockwood, 21 N. Y. Sup. 661; 50 N. Y. St. 228; Totten's Appeal, 40 Pa. St. 385; Ramsuer v. Moore, 43 S. C. 304; 21 S. E. 81; Bailey v. Scott, 1 S. D. 337; 47 N. W. 286; Treat v. Hiles, 75 Wis. 265; 44 N. W. 1088; United States v. Memphis, 97 U. S. 284; 24 L. Ed., 9937 3 Cyc. 252.

A party cannot assail on appeal the action of the trial court in dismissing the cause, when the dismissal was made upon his own motion. Sawyer v. Forbes, 36 Kan. 612, 14 P. 148; Fauntleroy v. Crow, 5. B. Mon. (Ky.) 136; Dumey v. Schoeffler, 20 Mo. 323; Norwegian Plow Co. v. Bollman, 47 Nebr. 186, 66 N.W. 292, 31 L. R. A. 747; Alleva v. Hagerty, 32 Misc. (N. Y.) 711 65 N. Y. Sup. 690; Aycock v. Texas Transp. Co. 21 Tex. Civ. App. 153, 50 S. W. 1061; Pitts v. Tidwell, 3 Mumf. (Va.) 88.

One who asks for and obtains relief cannot appeal from the decree granting it because the effect thereof differs from his anticipations. Union Bethel Church v. Gaylord, 1 Ky. L. Rep. 403; Campbell v. Crone, 10 Nebr. 571; 7 N. W. 334.

The entry of an order granting or denying a motion cannot be assigned as error by one who procured the making or entry of the order. Karter v. Peck, 121 Ala. 636, 25 So. 1012; Scatena v. California Cannery Co., 115 Cal. 14, 46 P. 737; Story v. DeArmond, 179 Ill. 510, 53 N. E. 990; Terry v. Ragsdale, 33 Gratt (Va.) 342; Waleter v. Chicago, Etc., R. Co., 56 Fed. 1006; 12 U. S. App. 511; 6 C. C. A. 223; 3 Cyc. 252; 16 Cyc. 785; 16 Cyc. 796, and 11 A. & E. Ency. of Law (2nd Ed.) 446.

Even if it should be granted that the action of the court in dismissing the appeal was error, appellant is nevertheless estopped

to assert it. Davis v. Dunlevy, 10 Colo. App. 344, 54 P. 250; Bennett v. Gibbons, 55 Conn. 450, 12 A. 99; Oslin v. Telford, 108 Ga. 803, 34 S. E. 168; American Grocery Co. v. Kennedy, 100 Ga. 42, 28 S. E. 241; Borden v. Croak, 131 Ill. 68, 22 N. E. 793, 19 Am. St. Rep. 23; DeWulf v. Dix, 110 Ia. 553, 81 N. W. 779; Russell First Nat'l Bk. v. Knoll, 7 Kan. App. 352, 52 P. 619; Gill v. Buckingham, 7 Kan. App. 227, 52 P. 897; Evans v. Partin, Ky., 56 S. W. 648; Mudget v. Kent, 18 Me. 349; Price v. Breckenridge, 92 Mo. 378, 5 S. W. 20; Herman v. St. Louis R. Co., 77 Mo. App. 377; Guntley v. Staid, 77 Mo. App. 155; Hall v. Reese, (Tex. Civ. App.) 58 S. W. 974; Harrison v. Brock, 1 Mumf. (Va.) 22; Walton v. Chicago, Etc., R. C., 56 Fed. 1006, 12 U. S. App. 511, 6 C. C. A. 223; 3 Cyc. 242; Bailey v. Scott, 1 S. D. 337; Bigelow, Estoppel, 718.

An appellant cannot take advantage of errors which are the natural consequence of his own neglect or misconduct. Shropshire v. McLain, 6 Ark. 438; Kincaid v. Higgins, 1 Bibb (Ky.) 396; Powell v. Graves, 14 La. Ann. 860; Poehler v. Reese, 78 Minn. 71, 80 N. W. 847; Rankin v. Perry, 5 Mo. 501; Hopkins v. Donahue, 4 Tex. 336; Newton v. Allis, 16 Wis. 197; Merchant's Ad-Sign Co. v. Los Angeles Bill Posting Co., 128 Cal. 619, 61 P. 277; Morse Co. v. Eaton, 91 Ill. App. 411; Blakey v. Blakey, 3 J. J. Marsh (Ky.) 674; Home F. Ins. Co. v. Decker, 55 Nebr. 36, 346, 75 N. W. 841; Jarrett v. Tomlinson, 3 Watts & S. (Pa.) 114; Newhart v. Wolfe, 2 Pennyp. (Pa.) 295; North Texas Bldg. Co. v. Coleman, (Tex. Civ. App.) 58 S. W. 1044; Southern Pac. Co. v. Hall, 100 Fed. 760, 41 C. C. A. 50.

SMITH, J. Appeal from the circuit court of Lyman county. A brief statement of the facts is necessary to an understanding of the questions presented on this appeal.

The plaintiff, Henry Bergman, began an action in justice's court before Frank L. Brooks, claiming to recover $35 damages for cutting and removing hay from plaintiff's land. Change of venue was taken to Justice Conley's court, thence to the court of Edward Egan, another justice of the county, and the record duly transmitted to the latter court. Thereafter another action was begun in Justice Egan's court upon the same cause of action, claiming damages in a larger amount. The record is silent as to what became of the first action. The second action was tried be-

fore the justice without a jury, resulting in a judgment in favor
of plaintiff and against defendant in the sum of $45 damages and
$58.70 costs, a total of $103.70. From this judgment an appeal
was taken to the circuit court of Lyman county, and was brought
on for trial at the December, 1911, term. A jury was impaneled
to try the cause, and a witness called to testify on behalf of plain-
tiff. Thereupon defendant made the following objection: "Comes
now the defendant and objects to any testimony in this action or
under this complaint, for the reason that another cause of action
is pending for the same subject matter and between the same par-
ties; and said cause of action. not being properly dismissed.   *   *
Further add to the motion that this is made upon all the files in
the case and the transcript as certified from the justice court in
which E. M. Egan was the justice of peace, it appearing that the
judgment was founded on one cause of action and the papers re-
turned are for a different cause of action, and that the judgment
be reversed as this court has no jurisdiction to try this cause," The
trial court's ruling was as follows: "Let the record show that the
appeal is dismissed on the ground that the summons and com-
plaint do not appear to be on file in the office of the clerk of
courts," to which ruling defendant excepts. Thereafter the court
entered a formal order dismissing the appeal, which, after certain
recitals, proceeds: "and it appearing from the files in the action
that no summons, complaint, or answer has been transmitted to
this court by the justice of the peace from whose court the appeal
was taken, and that there are no pleadings or other papers before
this court upon which the action can be tried, it is ordered that the
appeal be and is hereby. dismissed," with judgment for costs taxed
at $162.95.

Appellant assigns error in that the trial court did not sustain
defendant's objection to the introduction of evidence under the
complaint, for the reason that another cause is pending for the
same subject matter and between the same parties,   "   *   *   *
the judgment being founded on one cause of action and the pa-
pers returned to the court being on a different cause of action, and
because plaintiff failed to make any request. for leave to supply a
proper complaint or to dismiss the other pending action. (2) That
the court erred in making the order dismissing the appeal and en-
tering the judgment for costs against appellant." The record be-

fore the court on this appeal discloses a purported transcript of the justice's docket showing proceedings on the trial and the judgment entered, and among the files in the case are the notice of appeal and an undertaking for costs on appeal. The justice's transcript does not disclose the existence of any oral pleading or of any written complaint or answer, or other pleadings, nor does it contain any recital that any written pleadings were filed in the justice's court, nor do any pleadings whatever appear in the records or files. Section 102 of the Justice's Code provides that, upon receiving a notice of appeal, the payment of $1 for the return of the justice, and the filing of an undertaking on appeal, if the appeal be on questions of fact or both law and fact and a new trial in appellate court is demanded, the justice must within five days transmit to the clerk of the circuit court a certified copy of his docket, the pleadings, all notices, motions, and other papers filed in the cause, together with the notice of appeal and the undertaking filed. It further provides that the justice may be compelled by the appellate court, by an order entered upon motion, to transmit such papers, and may be fined for neglect or refusal to transmit the same. Section 106, Id., provides that no notice of trial or note of issue is required, and that the appeal shall be filed by the clerk on payment of his costs, and entered on the calendar, and shall stand for trial as the same is reached in the regular call of the calendar. The section further provides that, if not so filed within 15 days from the time the appeal is perfected, the appeal shall be dismissed by order of the court at any time thereafter upon motion of the appellee after three days' notice to the appellant or his attorney.

[1] In the case of McLaughlin v. Michel, 14 S. D. 190, 84 N. W. 778, this court held that the failure to file the appeal within 15 days is not jurisdictional, and, if no objection is taken, the court may proceed to try the case. The failure to file the appeal not being jurisdictional, the right of appellee to move for a dismissal of the appeal may be waived.

[2] It is perfectly clear that, where respondent goes to trial without a timely motion for dismissal, the objection is finally and conclusively waived, and cannot be made the ground of any objection at the trial. In the case at bar no motion to dismiss the appeal for failure to file the same within 15 days was made by ap-

pellee, and, as the statute confers upon appellant no right to make objections in the appellate court for the failure of a justice to transmit the record files and transcript, no question arising under the provisions of section 106 of the Justice's Code is presented for review on this appeal.

[3] Pleadings in justice's courts are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. They may be oral or in writing. If in writing, they must be filed with the justice, and, if oral, an entry of their substance must be made in the docket. Justice's Code, § 18. The docket is required to contain, among other things, a minute of the pleadings and motions, if in writing, referring to them, if not in writing, a concise statement of the material parts of the pleadings, and also the judgment of the court and the time when rendered. Justice's Code, § 93. The entries required when made in the justice's docket, or a certified transcript thereof, are prima facie evidence of the facts stated. Justice's Code, § 94. The transcript of the justice's docket before us on this appeal is absolutely silent as to pleadings. It contains no recital of the filing of a complaint, answer, or other pleading, nor does it purport to contain the substance of any oral pleading. No written pleadings appear among the files. It is not disclosed by any statement in the record that any pleadings are, or ever were, in existence; nor is it stated or suggested by motion or otherwise, on the part either of appellant or respondent, that any pleadings in the action ever were, or are now, in existence. In such a state of the record this court is not justified in assuming the existence of pleadings, or that the justice failed to transmit pleadings with the record on appeal to the circuit court. However irregular the practice may have been, we can only assume that the action was tried in the justice's court without pleadings, and was submitted to that court upon issues raised by the evidence, and that upon the evidence and the issues thus presented and determined the justice entered the judgment disclosed in the transcript.

[4] Upon this record, the action came on regularly for trial in the circuit court, and plaintiff caused a witness to be sworn and placed upon the witness stand to prove his cause of action. It then is disclosed upon objection by defendant and appellant to the

introduction of evidence that no pleadings are before the trial court, and no complaint or issue upon which the evidence offered may be received. Upon such objection, it would have been competent for plaintiff to have asked leave to file a complaint, and, upon similar request and leave, defendant should have been permitted to file his answer, thus presenting proper issues for trial to the jury. The record discloses that neither party asked permission to file pleadings.

[5] The only question presented is whether the circuit court may dismiss the appeal because of the absence of pleadings, oral or written. It is perfectly clear that the trial court on appeal is not required to enter upon a trial in the absence of pleadings. The law contemplates and requires that in civil actions in all courts the parties by pleadings shall define the issues to be determined on the trial. Neither plaintiff nor defendant had any right to require the court to proceed when it was disclosed that no pleadings were before the court. Upon the face of the record on appeal, the trial court had the right to assume that no pleadings had ever existed. The appeal had served its purpose, and had brought the case into the circuit court for trial de novo. No question was before the court as to the proceedings relating to the appeal itself. The cause was before the court for trial. Clearly the trial court might have dismissed the purported action for want of issues to be tried, unless the parties asked leave to file proper pleadings, but it was error to dismiss the appeal.

The judgment and order of the trial court are reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.