HILLIARD, Respondent, v. LOEB, Appellant.

(140 N. W. 703.)

1. **Judgment—Justice Court—Complaint to Support.**
    A complaint, oral or written, is necessary to support a judgment in justice's court.

2. **Justices of the Peace—Records—Presumptions on Appeal.**
    Presumptively the record and files returned by the justice, on which proceedings were had in circuit court on appeal, contain a complete recital of all acts done and embrace all papers filed in justice's court.

3. **No Complaint—Recitals in Summons.**
    Recitals in summons in justice's court do not constitute a complaint, and cannot take the place of an oral complaint, the substance of which must, under Sec. 18, Justice's Code, be entered in the docket.

4. **Absence of Complaint—Objection on Appeal.**
    Defendant, on an appeal from a default judgment in justice's court, may object to absence of a complaint, as he could have done in the justice's court, had he appeared there.

5. **Appeal—Objection to Introduction of Evidence—Absence of Complaint.**
    Defendant's objection, on appeal from a justice, to introduction of any evidence because no complaint has been filed or served, and that records show there was none in justice's court, challenges the existence of any complaint, written or oral.

6. **Justice of the Peace—Appeal—Absence of Complaint—Dismissal.**
    The record on appeal from a justice not showing there was any complaint, oral or written, in justice court, and plaintiff not obtaining leave and filing one, the circuit court erred in not dismissing the case for want of a complaint, upon defendant's objection to introduction of evidence on that ground.

    Whiting, P. J., and Polley, J., dissenting.

(Opinion filed March 31, 1913.)

Appeal from Circuit Court, Tripp County. Hon. WM. WILLIAMSON, Judge.

Action by C. O. Hilliard against Gus C. Loeb. From a judgment for plaintiff, on appeal from a default judgment in justice's court, defendant appeals. Reversed and remanded.

*Windsor Doherty,* for Appellant.

If any complaint existed at all upon which to support the judgment it must recessarily be shown by the transcript of the proceedings on the appeal from the Justice, and the papers transmitted with and made a part of such return. The records fail

to show that there is any pleading whatsoever to support the judgment in this case.

Section 18 of Article 4 of the Justice's Code, Section 19 of the same Code, Section 20 of the same Code.

The judgment roll shows no complaint was filed in the Circuit Court. So the said justice transcript must contain the complaint for the circuit court, if any existed at all, as there was no written complaint filed in justice court. Sub. 5 of Sec. 18 of Article 4 Justice Code.

Referring to the pleadings in justice court, section 102 of the same Code relating to appeals provides: "Upon receiving the notice of appeal and on the payment of one dollar for the return of the justice * * * the justice must within five days transmit to the clerk of the circuit court or proper county court * * * a certified copy of his docket, the pleadings, all notices, etc., * * * In all other cases a certified copy of his docket.

Taking the two sections together, to-wit: Sub 5 of Sec. 18 and Sec. 102, if no written pleadings are filed, the oral pleadings must appear on the docket.

The law is satisfied if the entry or statement is sufficient to notify the defendant with reasonable certainty of the cause of action he is called upon to meet- and bar another action of the same subject matter. Tockstein v. Bimmerle (Mo.) 131 S. W. 126; Wilcox v. Toledo, etc., R. Co., (Mich.) 5 N. W. 1003; Carmer v. Hubbard (Mich.) 82 N. W. 64; Sinkling v. Illinois Cent. R. Co., (S. D.) 74 N. W. 1029.

A demand in the notice for a new trial is an appeal to hear and determine the cause on its merits. Lyons v. Miller (N. D.) 48 N. W. 514.

The intent of the statute is to secure justice by a trial of the appeal upon the very merits of the case, without regard to errors or irregularities. If the circuit court has jurisdiction, errors and insufficiency of pleading cannot stand in the way. Kelsey v. Chicago & N. W. R. Co. (S. D.) 45 N. W. 204; Jerome v. Rust (S. D.) 103 N. W. 26.

Clearly the objection made by defendant only raises the question of the filing or serving a complaint in either the circuit or justice court and there was no other question before the court.

*Roscoe Knodell,* for Respondent.

Defendant's objection—see page 12 of record—is clearly insufficient to reach any defect that may have existed and amounts to naught; for no service or filing of complaint in justice court, nor in circuit court on appeal. Sec. 18 Justice Code S. Dak.; Kelsey v. Chicago & N. W. R. Co. 45 N. W. 204.

The grounds of an objection, as stated on the trial, cannot be substantially changed on appeal. No ruling of a trial court should ever be reversed upon grounds not called to its attention when the ruling was made. Woods et al v. Stacy (S. D.) 132 N. W. 1007.

Pleadings in justice's court may be oral or in writing; if in writing they must be filed with the justice; if oral an entry of their substance must be made in the docket. Sec. 18 Justice Code, S. Dak.

This being a suit in the justice court, the complaint was not in writing, but was oral, and the brief statement of the nature of the action entered on the justice's docket did not constitute the pleading. Caldwell et al. v. Concho, etc., Loan Ass'n. (Tex.) 131 S. W. 625.

Is there any complaint in the justice court?

The only reference in the transcript of proceedings on appeal page 4 of the record—is the first paragraph under the title: "Copy of Docket" which merely contains a statement of what the summons contains, or the object of the action as required by sub. 3 of Sec. 93 of Art. 15 of the said Justice Code. Clearly this is not a complaint and clearly if it is not a complaint there was no complaint, either oral or written, and there is nothing to support the judgment in the action. It is unnecessary to cite authority to prove that there must be some kind of a complaint to support every judgment. The objection to be found on page 12 of the record should have been sustained by the trial court. There being no complaint the defendant did not, and could not make an answer, and hence the trial and judgment was had and rendered without an issue because there were no pleadings.

Objections not properly presented to the trial court will not be considered by this court on appeal. Wood et al v. Stacy, (S. D.) 132 N. W. 1007; Loftus v. Agrant (S. D.) 99 N. W. 90; Goldberg v. Sisseton, etc., 123 N. W. 266.

Under our law which permits oral pleadings in the justice's court, and makes such pleading sufficient in the circuit court on

appeal, it makes unnecessary the filing or serving of a complaint and the trial court was clearly right in overruling appellant's objection to the introduction of evidence. Kelsey v. Chicago & N. W. R. Co., 45 N. W. 204.

In case of oral complaints, as in this action, only the substance is supposed to be entered in the docket and that entry does not constitute the complaint. So counsel is again in error when he states in his argument, "if any complaint existed at all to base the judgment on it was contained in such justice transcript." There being no complaint in writing among the files, and the transcript not mentioning any being filed, but stating a complaint or the substance thereof, it certainly would be the legal and logical conclusion that such complaint was oral and it would not in the least add to its sufficiency by inserting in such docket and transcript the word "oral." The entry made by the justice, in this action, was sufficient to notify the defendant of the cause of action and to bar another action of the same subject matter. That is all the law requires. Caldwell et al v. Concho Bld. & Loan Ass'n (Tex.) 131 S. W. 625; Tockstein v. Bimmerle (Mo.) 131 S. W. 126; Wilcox v. Toledo, etc., R. Co., (Mich.) 5. N. W. 1003; Carmer v. Hubbard (Mich.) 82 N. W. 64; Sinkling v. Illinois Cent. R. Co., (S. D.) 74 N. W. 1029.

By reading the copy of the justice's docket as shown by the transcript—see page 4 of Record—one can readily see what occurred before the justice. Plaintiff's attorney appeared before the justice, had a summons issued and made an oral statement of the case to him, of which the justice entered all that he thought essential in his docket. Perhaps it is somewhat irregular to make the oral complaint at the time the summons is issued; but it is often practiced in minor cases and the Code not providing any particular time for the pleading to be made or filed it certainly cannot be said that plaintiff should lose in the appellate court for any such irregularity. Kelsey v. Chicago & N. W. R. Co., (S. D.) 45 N. W. 204; Jerome v. Rust (S. D.) 103 N. W. 26.

SMITH, J. Action begun in a justice's court of Tripp county, in which plaintiff recovered judgment by default. Judgment was entered August 16, 1911, and on August 19th the defendant perfected an appeal to the circuit court on questions of both law and fact, and demanded a new trial. When the cause was reach-

ed for trial in the circuit court, a jury was impaneled and a witness sworn on behalf of plaintiff, whereupon defendant interposed the following objection: "At this time the defendant objects to the introduction of any evidence for the reason that no complaint has been filed or served in this action, and the records show that there was none in the justice's court also." The objection was overruled, and defendant took no further part in the trial. Plaintiff proceeded with the trial and, at the close of the evidence, the jury returned a verdict in his favor, and judgment was entered thereon. Defendant appeals from the judgment and assigns as error the overruling of his objection to the introduction of any evidence on the ground that there was no complaint in the case. Appellant's contention on this appeal is that, upon the record before the trial court, there was no complaint to sustain the verdict of the jury or the judgment entered. Subdivisions 2, 4, 5, § 18, of the Justice's Code, provide that pleadings "(2) May be oral or in writing, * * * * (4) If in writing, must be filed with the justice. (5) If oral, an entry of their substance must be made in the docket."

[1-3] It must be conceded that a complaint, either oral or written, is necessary to support a judgment. 24 Cyc. 555; 31 Cyc. 45; Baylies, Code Pleading, § 2. Presumptively, the record and files returned by the justice and on which proceedings were had in the circuit court contained a complete recital of all acts done in the justice's court, and embraced all papers filed in that court. This record contains no complaint in writing. The completeness of this record and of the files returned was not questioned in the circuit court; nor is it questioned by respondent in this court. It conclusively appears, therefore, that no complaint in writing was ever filed. Does the record show an oral pleading? The transcript of the justice, and all files which were before the trial court, are before us on this appeal. The statements contained in the summons do not constitute a complaint; nor has any authority been cited which holds that statements in a summons may aid recitals in the docket, which must show the substance of an oral complaint.

In Sinkling v. I. C. R. Co., 10 S. D. 560, 74 N. W. 1029, this court held that a defective oral complaint entered in the docket may be construed with the written answer filed. But there was no answer in the case at bar. Nothing appears which can serve to aid the recitals in the justice's docket.

[4.] It is not suggested that the docket purports to disclose that the pleadings, or any of them, were oral or any entry of "the substance" of an oral complaint, or any pleading whatever. It seems, therefore, to appear quite conclusively that there was no complaint, either written or oral, when the trial was had and judgment entered in the justice's court. Defendant did not appear in the justice's court, and therefore, no such objection was there made. But the defendant was not required to appear in that court to litigate the case unless he chose to do so. It was incumbent upon plaintiff to see to it that some complaint, written or oral, was before the justice's court to sustain the judgment. Defendant had the right to appeal from the default judgment, as he did; and, upon such appeal, the case came before the circuit court for trial de novo, exactly as it stood in the justice's court, and defendant had the right to raise the same objection to the want of a complaint that he might have made in the justice's court; and the circuit court could have made any order that the justice might have made in the first instance. The sufficiency of a pleading and the absence of any pleading present entirely different questions. The objection in the trial court did not raise any question as to the sufficiency of any pleading, but it did raise a question as to the entire absence of a complaint in both courts. The record of the justice, including the docket entries and all files, which must show the existence of a complaint, was before the trial court, and the sufficiency of that record was challenged by the objection made. True, an oral pleading cannot be filed; but the statute prescribes the only competent evidence to show that there was an oral pleading, viz., the recital of its existence and substance in the docket entries. Certainly, under this statute, the existence of an oral pleading could not be proved or disproved by oral evidence.

In Dewey v. Feiler, 11 S. D. 632, 80 N. W. 130, this court said: "The docket of a justice should show the object of the action, amount of money claimed, a minute of the pleadings, if in writing, if not in writing, a concise statement of their material parts. Comp. Laws, § 6123. Where it is silent as to these facts, the inference is that they did not exist. Then there were no pleadings, oral or written, in the former action. Consequently, no issues and no trial on the merits could have taken place."

There is no suggestion or statement among the recitals in the

docket entries that the pleading was oral or that a written complaint was filed. The necessary conclusion is that no complaint, oral or written, was ever made in that court.

[5, 6]   The objection called the attention of the trial court to the record of the justice, for upon that alone the case stood for trial, and an examination thereof must have disclosed to the trial court the entire absence of a complaint, written or oral.

We are of opinion that the objection challenged the existence of any complaint, written or oral, and that on the justice's record the objection was well founded. When attention was called to the nonexistence of a complaint, the trial court had authority to permit the filing of pleadings, and, upon request, should have permitted pleadings to be filed. In the absence of such request and the filing of proper pleadings, the court should have dismissed the action.   Bergman v. Margeson, 139 N. W. 374, 31 S. D. 1; Dewey v. Feiler, supra.

The judgment of the trial court must be reversed, and the cause remanded for further proceedings in the trial court.

WHITING, P. J., and POLLEY, J., dissent.